Michael A. Condyles (VSB No. 27807)
Brian H. Richardson (VSB No. 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192
*Counsel to Essex Bank*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

IN RE:  LEWIS E. WILKERSON, JR.,

       Debtor.    Case No.  20-34576-KLP
       Chapter 11

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** attached hereto is the *Motion of Essex Bank ("Essex") Pursuant to Rule 2004 to Examine Lewis E. Wilkerson, Jr. and Request for Production of Documentary Evidence* (the "*Motion*").  The Motion seeks authorization for Essex to examine Lewis E. Wilkerson, Jr. (the "*Debtor* or *Examanee*"), and seeks the production of documents that relate directly to the acts, conduct, or property of the Debtor and the liabilities and financial condition of the Debtor, which may affect the administration of the Debtor's estate.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).   If you do not want the Court to grant the relief sought in the motion, you must do the following:

    1.     You must file with the court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 9013-1 and 2004-1 *not later than seven days after the filing date of this Motion.*

        Clerk of the Court
        United States Bankruptcy Court
        200 S. Washington Street
        Alexandria, VA 22314

      2.      You must also mail a copy to:

            Michael A. Condyles, Esq.
            Brian H. Richardson, Esq.
            Kutak Rock LLP
            901 East Byrd Street, Suite 1000
            Richmond, VA  23219-4071
            michael.condyles@kutakrock.com
            brian.richardson@kutakrock.com

      3.      No hearing has been set to consider the Motion.  If you object to the Motion, you must file the objection timely with the Court.  If a hearing is required, you must attend the hearing in addition to filing a written objection to the Motion.  If you fail to file timely a written response and to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested in the Motion.

4852-5240-6258.1

Michael A. Condyles (VSB No. 27807)
Brian H. Richardson (VSB No. 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192
*Counsel to Essex Bank*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

IN RE:  LEWIS E. WILKERSON, JR.,

        Debtor.                                                     Case No.  20-34576-KLP
                                                                                                        Chapter 11

### MOTION OF ESSEX BANK PURSUANT TO RULE 2004 TO
### EXAMINE LEWIS E. WILKERSON, JR. AND REQUEST
### FOR PRODUCTION OF DOCUMENTARY EVIDENCE

Essex Bank ("Essex"), by counsel, moves the Court for an order, substantially in the form attached hereto as **Exhibit A**, authorizing Essex to examine Lewis E. Wilkerson, Jr. (the "Debtor or Examinee") and to compel the Debtor to produce documentary evidence pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1, and states:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter constitutes a "core" proceeding within in the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. § 1409.

3.      This Court has personal jurisdiction over all parties pursuant to Rule 7004(f) of the Bankruptcy Rules.

4.      Essex is a corporation engaged in the business of making loans with its corporate offices located in Richmond, Virginia.  Essex is qualified to do business in the Commonwealth of Virginia.

5. Lewis E. Wilkerson, Jr. is the chapter 11 debtor in this case by virtue of the voluntary petition filed pursuant to chapter 11 of title 11 of the United States Code in this Court on November 17, 2020 (the "Petition Date"). The Section 341 Meeting of Creditors was conducted on December 17, 2020.

6. The Examinee, as a result of such entity's connections to the Debtor is likely to have information regarding the assets, liabilities, financial condition and financial transactions of the Debtor.

**Requested Relief**

7. Essex is a creditor of the Debtor by virtue of a Promissory Note executed by the Debtor and dated June 26, 2019 in the original principal amount of $200,000.00 (the "Note").

8. The outstanding amount of principal, interest and late fees due under the Note is no less than $209,079.07, as of the Petition Date.

9. In connection with the Note, the Debtor executed a Commercial Security Agreement dated June 26, 2019 (the "Security Agreement"), which granted Essex a lien on, among other things, that certain heavy equipment described as: (i) 2010 Cat Dozer D6N Serial Number DJA01151; (ii) 2014 Cat Dozer D6K Serial Number C8N21953; (iii) 2014 Cat Knuckle Boom 559C Serial Number CAT0559CLKAS00425; (iv) 2012 Cat Skidder 545C Serial Number CAT0545CA54501116; (v) 2015 Cat Dozer D6K Serial Number WMR0026; and (vi) 2013 Cat Skidder 545C Serial Number CAT0545CT54500992 (the "Collateral").

10. Essex filed a Motion for Relief from Stay [Docket No. 104] seeking relief from the automatic to foreclose on the on the Collateral (the "Motion for Relief from Stay").

11. The Debtor consented to the Motion for Relief from Stay and a Consent Oder granting the relief and directing the Debtor to Surrender the Collateral was entered by the Court on April 5, 2021 [Docket No. 109] (the "Relief from Stay Order").

4852-5240-6258.1

12. In connection with the Motion for Relief from Stay, Essex sought recovery of the Collateral and upon conducting an inspection of the equipment determined that all but one of the six items of heavy equipment comprising the Collateral were present at the Debtor's facility (the "Missing Collateral"). The only item of the Collateral at the Debtor's facility consisted of the 2013 Cat Skidder 545C Serial Number CAT0545CT54500992.

13. Upon learning that the Missing Collateral was not present at the Debtor's facility, Essex sought information regarding the status and disposition of such equipment.

14. Despite repeated demands for information related to the status and disposition of the Missing Collateral, the Debtor has failed and refused to provide any information in response.

15. Essex seeks to examine the Examinee about the acts, conduct, or property of the Debtor, the liabilities and financial conditions of the Debtor, and any matters that may affect the administration of the Debtor's bankruptcy estate pursuant to Rule 2004, including, without limitation, all matters related to the Missing Collateral.

16. More particularly, Essex seeks to examine the Examinee with respect to various topics of concern, including, but not limited to, its purchase of the Collateral, its liability and its repayment of the Note, its removal of the Missing Collateral from the debtor's facility, the current disposition of the Missing Collateral, the condition and location of the Missing Collateral and the status of the Debtor's business, its operations, assets and liabilities and the disposition of the assets that belong to the business. Essex submits that each of these topics will provide valuable information regarding the liabilities, financial condition and financial transactions of the Debtor, as well as of the former assets of the Debtor.

17. Essex submits that the examination of the Examinee falls within the broad scope under Rule 2004, which provides:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

18. In connection with the examination sought herein, Essex requests the Court to order the production of the documents identified on the attached **Schedule 1**.

**WHEREFORE**, Essex requests the Court to authorize the examination of the Examinee, to direct the production of the documents by the Examinee identified in the attached **Schedule 1**, and to award any further relief the Court deems proper.

**ESSEX BANK**

By: /s/ Michael A. Condyles
       Counsel

Michael A. Condyles (VSB No. 27807)
Brian H. Richardson (VSB No. 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
*Counsel to Essex Bank*

4852-5240-6258.1

## **CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on July 30, 2021, a true and exact copy of the foregoing was served via electronic means and/or first class mail to all parties in interest pursuit to the attached service list and as follows:

*Counsel for the Debtor*

Robert A. Canfield, Esq.
Hunter R. Wells, Esq.
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA  23228

*United States Trustee*

Kathryn R. Montgomery
Assistant United States Trustee20
Office of The United States Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219

*Debtor*

Lewis E. Wilkerson, Jr.
PO Box 270
Keysville, VA 23947


                                              By: /s/  Michael A. Condyles
                                                        Counsel

4852-5240-6258.1

# EXHIBIT A

**Proposed Order**

4852-5240-6258.1

Michael A. Condyles (VSB No. 27807)
Brian H. Richardson (VSB No. 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192
*Counsel to Essex Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE:  LEWIS E. WILKERSON, JR.,

        Debtor.                         Case No.  20-34576-KLP
                                                                                    Chapter 11

**ORDER AUTHORIZING EXAMINATION OF LEWIS E. WILKERSON, JR. AND
COMPELLING THE PRODUCTION OF DOCUMENTARY EVIDENCE**

**THIS MATTER COMES** before the Court upon the *Motion of Essex Bank Pursuant to Rule 2004 to Examine Lewis E. Wilkerson, Jr. and Request for Production of Documentary Evidence* pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion"), and it appearing that Essex Bank ("Essex") provided proper notice of the Motion to the necessary parties, that no objection has been filed and that good cause exists to grant the relief herein, it is

**ORDERED, ADJUDGED AND DECREED** that:

1.       The Motion is hereby granted.

2.       Essex is hereby authorized to examine Lewis E. Wilkerson, Jr. (the "Examinee").

3.       Essex is authorized to take any actions as may reasonably be necessary to conduct the examination of the Examinee as set forth herein, which authorization shall include, among other things, authority to issue subpoenas to the Examinee as needed and pursuant to Rule 2004.

4.       The Examinee shall attend and testify pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure at an examination by Essex with regard to any and all acts, conduct, or

4852-5240-6258.1

property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, including, without limitation those matters set forth in the Motion.

5. The examination shall be conducted at Kutak Rock LLP, 901 E Byrd Street, Suite 1000, Richmond, VA 23219 or such other location as the parties may agree upon.

6. The examination shall be conducted on a date and at a time to be set forth and agreed upon by and between the Examinee and Essex. In the event that the Examinee and Essex are unable to reach a consensus of a mutually agreeable date and time, this Court retains jurisdiction over all matters arising from this Order and a subsequent hearing may be scheduled on the Motion by Essex directing the Examinee to attend an examination and to produce all documents identified on Schedule 1 hereto.

7. The Examinee shall produce all documentary evidence in their actual or constructive possession (or provide a written response to counsel for Essex explaining the effort to locate the documents, the reason for the lack of production and the location or disposition of the documents to the extent documents cannot be produced) identified in **Schedule 1** attached hereto.

8. All documentary evidence shall be produced at Kutak Rock LLP, Attention Michael A. Condyles, 901 E Byrd Street, Suite 1000, Richmond, VA 23219 forthwith without further delay and, in any event, by no later than 15 days from the entry of this Order.

9. The Clerk shall serve a copy of this Order on the parties included in the attached Certificate of Service.

ENTERED: _____    _____
                                        UNITED STATES BANKRUPTCY COURT JUDGE

4852-5240-6258.1

Order submitted by:

/s/ Michael A. Condyles
Michael A. Condyles (VSB No. 27807)
Brian H. Richardson (VSB No. 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:   (804) 644-1700
Facsimile:   (804) 783-6192
*Counsel to Essex Bank*

## **CERTIFICATION**

  Pursuant to Local Rule 2004-1, I hereby certify that a good faith attempt to set a date for the examinations has been, or will be, made in connection with scheduling the examinations.

/s/ Michael A. Condyles
Counsel

4852-5240-6258.1

## **CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on July 30, 2021, a true and exact copy of the foregoing was served via electronic means and/or first class mail to all parties in interest pursuit to the attached service list and as follows:

*Counsel for the Debtor*

Robert A. Canfield, Esq.
Hunter R. Wells, Esq.
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA  23228

*United States Trustee*

Kathryn R. Montgomery
Assistant United States Trustee20
Office of The United States Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219

                By: /s/  Michael A. Condyles
                        Counsel

**SERVICE LIST**

Michael A. Condyles, Esq.
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071

Robert A. Canfield, Esq.
Hunter R. Wells, Esq.
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA  23228

Kathryn R. Montgomery
Assistant United States Trustee20
Office of The United States Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219

# SCHEDULE 1

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Debtor" shall mean Lewis E. Wilkerson, Jr.

2. The term "Collateral" shall mean: : (i) 2010 Cat Dozer D6N Serial Number DJA01151; (ii) 2014 Cat Dozer D6K Serial Number C8N21953; (iii) 2014 Cat Knuckle Boom 559C Serial Number CAT0559CLKAS00425; (iv) 2012 Cat Skidder 545C Serial Number CAT0545CA54501116; (v) 2015 Cat Dozer D6K Serial Number WMR0026; and (vi) 2013 Cat Skidder 545C Serial Number CAT0545CT54500992.

3. The term "Missing Collateral" shall mean all of the Collateral, except the 2013 Cat Skidder 545C Serial Number CAT0545CT54500992.

4. The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed that is within your possession, custody or control, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs and records).

5. The term "relating to" means pertaining to, affecting, involving or being connected to.

6. If you choose to withhold any documents from production on the grounds of privilege or the like, you must, in addition to identifying the documents so withheld, provide a privilege log or schedule containing for each such document:

    (a) a description of the type and contents of each such document claimed to be privileged and its date and current custodian and present location;
    (b) the name, occupation and capacity of the document's author;
    (c) the name, occupation and capacity of the each addressee of the document;
    (d) the name, occupation and capacity of each other person who obtained the document or a copy thereof or to whom the document was disseminated or who was informed of the document's contents; and
    (e) the privilege(s) claimed and, for each privilege claimed, a statement of the factual basis for applicability of the privilege.

## **DOCUMENTS TO BE PRODUCED**

The following shall be produced:

1. All documents that discuss, refer or relate to the Collateral.

2. All documents that discuss, refer or relate to the Debtor's purchase of the Collateral.

3. All documents that discuss, refer or relate to the current location of the Missing Collateral.

4. All documents that discuss, refer or relate to any pickup, transfer or movement of the Missing Collateral from one location to another.

5. All documents that discuss, refer or relate to any sale or other disposition of the Collateral.

6. All documents that discuss, refer or relate to any liens against any of the Collateral, including, without limitation, any security agreements or UCC Financing Statements.

7. All documents that discuss, refer or relate to the removal of the Missing Collateral from the Debtor's premises.

8. All documents that discuss, refer or relate to the current ownership of the Collateral.

9. All documents that discuss, refer or relate to invoices, bills of sale, purchase orders or other documents related to the purchase and ownership of each of the two pieces of equipment located on your premises consisting of serial numbers ending in: (i) 4501125 and (ii) 4501219.

10. All documents related to the receipt or disbursement of any proceeds received from any sale or other disposition of the Collateral.

11. All documents that discuss, refer or relate to the disposition of the Missing Collateral, including, without limitation, any repossessions, foreclosures, sale or other disposition of such equipment.

12. All documents that discuss, refer or relate to invoices, bills of sale, purchase orders or other documents related to the purchase of each item of the Collateral.

13. All documents that discuss, refer or relate to the existence of insurance on the Collateral for the years 2019 through 2021, including, without limitation, Certificates of Insurance.

14. Federal income tax returns or any other federal tax information, including, without limitation, any depreciation schedules for the Debtor or any of its affiliated companies, partnerships or corporations for the tax years 2019 and 2020, including all attachments, exhibits and supporting documentation.

15. All documents that discuss, refer or relate to any transaction or communication regarding any transfer, loan, sale or assignment of any Collateral, including, but not limited to, agreements, sales contracts, letter of intent, schedules, promissory notes, loan agreements, security agreements, wire records, check stubs, cancelled checks, computer records, corporate minutes and financial documents.

4852-5240-6258.1