**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **LEWIS E. WILKERSON, JR.,** | ) | **Case No. 20-34576-KLP** |
| | ) | |
| Debtor. | ) | |
| | ) | |

### MOTION OF HERITAGE TRAIL SOLAR, LLC FOR LEAVE TO ENLARGE THE TIME TO FILE A CLAIM AND TO DEEM THE CLAIM AS TIMELY FILED AND MEMORANDUM IN SUPPORT THEREOF

Heritage Trail Solar, LLC ("Heritage"), a Virginia limited liability company that is wholly owned by Diode Ventures, LLC, a Kansas Limited Liability Company ("Diode"), by and through its undersigned counsel, hereby moves this Court to enter an order enlarging the time in which Heritage may file a proof of claim and to deem such claim as timely filed (the "Motion"). In support of the Motion, Heritage respectfully states the following:

### Preliminary Statement

Heritage is the successor in interest to a certain *Real Estate Purchase Option Agreement* dated August 31, 2020, by and between Diode and the above-captioned debtor (the "Debtor"), Lewis E. Wilkerson, and Dawn H. Wilkerson (the "Purchase Option"). Heritage is also the successor in interest to other assets related to the contemplated development of the underlying real estate subject to the Purchase Option. It would appear from the Debtor's Disclosure

Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Bennett T. W. Eastham, Esquire (VSB No. 93484)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
        jmclemore@williamsmullen.com
        beastham@williamsmullen.com

*Attorneys for Heritage Trail Solar, LLC*

Statement [Docket Nos. 149, 163] that the Purchase Option is of critical importance to the Debtor's reorganization plans.

Notwithstanding this fact, neither Diode nor Heritage was listed in the Debtor's initial schedules or statements, filed on December 10, 2020 [Docket No. 29].  To date, neither Diode nor Heritage has received even a single mailing or notice in this case (other than through the CM/ECF System after counsel for Heritage filed a Notice of Appearance this week).  While Diode was referenced in the Debtor's amended schedules, filed on March 25, 2021 [Docket No. 100], wherein the Debtor noted a "solar contract with Diode," *id.* at 14, Heritage still does not seem to be on the mailing list for creditors in this case [Docket Nos. 149, 155, and 163].

Heritage only became aware of the Debtor's pending bankruptcy case during an after-hours call between in-house counsel for Heritage and Debtor's counsel, which was conducted on September 24, 2021.  Proofs of claim were due to be filed in this case on or before March 17, 2021.

Heritage believes it is appropriate under the circumstances for it to file a contingent, unliquidated claim against the Debtor to preserve Heritage's rights and interests under the Purchase Option, including significant costs advanced to date and going forward, in case the Debtor breaches his obligations due to Heritage under the Purchase Option.  For this reason, Heritage files this Motion for leave to enlarge the time to file its proof of claim, and to deem such claim as timely filed.  A copy of the claim Heritage intends to file is attached hereto as Exhibit A.

For the reasons outlined below, the Debtor will suffer no prejudice if Heritage is permitted to file its proof of claim. While the delay in filing the proof of claim is not insignificant, this Motion is being tendered within a week of Heritage learning of the Debtor's bankruptcy case.  Allowing the claim to be filed late will have no effect on judicial proceedings

or the Debtors' administration of the estates, given that the Debtor is still in the process of seeking approval of its Disclosure Statement. The reason for Heritage's delay is not attributable to Heritage or its counsel in any way. Heritage and its counsel have, at all times, acted in good faith. For these reasons, Heritage respectfully requests the Court to grant its Motion to enlarge the time to file its proof of claim, and to deem its claim as timely filed.

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3.    The Court has authority to grant the relief requested herein pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9006(b).

## II.    BACKGROUND

4.    On November 17, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). No trustee or examiner has been appointed, and the Debtor continues to operate the business and manage its properties as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5.    On November 26, 2020, the Court issued a Notice of Chapter 11 Bankruptcy Case [Docket No. 19] in which a March 17, 2021 bar date for filing general unsecured claims was set.

6.    On March 25, 2021, the Debtor filed Amended Schedules to which he added reference to a "Solar Contract with Diode" as an asset and added reference to this same agreement in the Executory Contracts section of his Amended Schedules. *See* Amended Schedules [Docket No. 100], at 14, 48. Notwithstanding these changes to the Amended Schedules, the Debtor did not add Diode to the mailing list utilized by the Debtor in this case.

7.      Further, to date, neither Diode nor Heritage have been included in any service or mailings issued by the Debtor (with the exception of CM/ECF notices issued on and after September 28, 2021, when counsel for Heritage filed a Notice of Appearance).

8.      On September 24, 2021, after the close of business, Heritage learned of the Debtor's pending bankruptcy case.

### III.        BASIS FOR RELIEF REQUESTED

#### A.  The Pioneer Factors Support Enlarging the Time for Heritage to File A Claim and For the Claim to Be Deemed Timely Due to Excusable Neglect

9.      11 U.S.C. § 105(a) grants the Court authority to: "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

10.     Federal Rule of Bankruptcy Procedure 3003(c)(3) permits a Bankruptcy Court to extend the time during which proofs of claim may be filed.

11.     Federal Rule of Bankruptcy Procedure 9006(b) allows the bar date by which claims must be filed to be extended where the failure to timely act "was the result of excusable neglect." *Id.*

12.     In *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.*, the Supreme Court of the United States set forth four factors to consider whether the failure to timely act was the result of "excusable neglect," including (1) "the danger of prejudice to the debtor," (2) "the length of the delay and its potential impact on the judicial proceedings," (3) "the reason for the delay and whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."  507 U.S. 380, 395 (1993); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996) (analyzing the Supreme Court's interpretation of "excusable neglect" and applying the *Pioneer* factors), *superseded by statute on other grounds*; *In re Quartercall Communications, Inc.*, 1996 WL 910910, at **4-5 (E.D. Bankr. Va. May 16, 1996)

(applying the *Pioneer* factors in considering whether to allow a late claim to be filed and permitted as timely).  The Supreme Court in *Pioneer* made clear that "excusable neglect" is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer, but also extends to inadvertence, mistake, or carelessness.  *See Pioneer Inv. Servs.*, 507 U.S. at 388, 392 (finding that it is "clear that 'excusable' neglect . . . is a somewhat 'elastic concept'").

13.     In considering these factors, the Supreme Court in *Pioneer* noted that "the determination is at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.*, 507 U.S. at 395.  In both *Pioneer* and *Quartercall*, the courts permitted late-filed claims where the creditors' attorneys were aware of the claim filing deadlines but missed the deadlines by less than one month (as a result of moving offices).  *See Pioneer Inv. Servs.*, 507 U.S. at 384; *Quartercall*, 1996 WL 910910, at **4-6. Here, Heritage has only known of the bankruptcy case for a period of a week before the instant filing, which Heritage posits is a far easier case under the *Pioneer* factors.  Heritage asserts that all factors weigh in favor of Heritage's Motion in this case.

*1.     The Debtor Will Not Suffer Prejudice*

14.     The Debtor will not suffer prejudice if the Court grants the relief requested in this Motion because: (a) the Debtor was clearly aware of Diode's role in this case and the Purchase Option, even listing the Purchase Option as an asset of the estate and acknowledging the Purchase Option as an executory contract on page 48 of the Amended Schedules [Docket No. 100].  The Debtor should be aware of the fact that its executory contract counter parties would have contingent claims against the state; (b) the Debtor is still in the process of obtaining approval of his Disclosure Statement; and (c) the filing seeks to preserve Heritage's contingent

and largely unliquidated claim in the event the Debtor breaches the Purchase Option and no later bar dates are set by the Debtor to assert such claims.

15.    The Debtor acknowledges Heritage's Purchase Option in numerous filings on the record, including the Debtor's Amended Schedules filed on March 25, 2021 and the Disclosure Statement. This recognition of Heritage's interest in this case, including acknowledgment of its executory contract with the Debtor in the Amended Schedules, should be treated as an admission by a party-opponent under Federal Rule of Evidence 801(d)(2) that Heritage has a legal, though contingent, claim against the Debtor's estate arising out of its executory contract. *See In re Applin*, 108 B.R. 253, 257 (Bankr. E.D. Cal. 1989).

16.    The Debtor proposes a plan of reorganization entirely reliant on the success of the closing contemplated in the Purchase Option with Heritage.  Heritage should be permitted to protect its interests arising out of the Purchase Option on the chance that the Debtor breaches his obligations due to Heritage under the Purchase Option.  Further, the Debtor has not yet had his Disclosure Statement approved nor has he confirmed a plan.  Deeming Heritage's claim as timely filed claim will not delay the administration of these proceedings at this point in the case.

       2.    *The Length of the Heritage's Delay Is Minimal and Will Have No Effect on the Case*

17.    The length of Heritage's delay here is minimal – less than one week from learning of the bankruptcy case.  This delay is at least analogous to the 20-day delay in *Pioneer Inv. Servs.*, 507 U.S. at 384-85, which the Supreme Court found to be an excusable amount of time. This short amount of time is in contrast to other cases before this Court, where the delay was seven months to over one year or after confirmation of a plan.  *See, e.g., Emiko Bd. v. AMF Bowling Worldwide, Inc.* (*In re AMF Bowling Worldwide, Inc.*), 520 B.R. 185, 197 (E.D. Bankr. Va. 2014) (denying an administrative claim filing following plan confirmation where there was a

one-year gap between the administrative claims bar date and the filing of the motion, and finding

that the delay was more analogous to a nearly seven month delay in *In re U.S. Airways, Inc.*,

2005 WL 3676186, than the twenty-day delay in *In re Pioneer* or the six-day delay in *In re*

*Quartercall*).

> 3. *The Reason for the Delay Was Outside of the Reasonable Control of Heritage or its Counsel*

18.     The reason for the delay in filing a proof of claim in this bankruptcy case is not

attributable to Heritage, as it, and Diode never received any notices of the Bankruptcy Case.

Further, upon learning of the Bankruptcy Case, Heritage quickly sought the advice of counsel to

remedy the situation. A copy of the proof of claim Heritage intends to file is prepared and

attached hereto as Exhibit A.

> 4. *Heritage At All Times Acted in Good Faith*

19.     Heritage and its counsel have, at all times, acted in good faith.  Neither Heritage

nor its counsel intentionally delayed filing this Motion or the proof of claim.  Further, Heritage

was continuing to pursue its obligations under the Purchase Option, a major asset of the Debtor's

estate, when it first learned of the bankruptcy filing.

20.     Accordingly, Heritage respectfully asserts that Heritage and its counsel have

sufficiently demonstrated "excusable neglect," as contemplated by *Pioneer*, thus permitting this

Court to enlarge the time for Heritage to be allowed to file its claim and to deem Heritage's

claim as timely filed.

### IV.        <u>CONCLUSION</u>

Under the circumstances of this case, Heritage respectfully requests that this Court enter

an Order, in the form attached hereto as Exhibit B, enlarging the time for it to file proof of its

claim, deeming Heritage's proof of claim as timely filed, and granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2021

/s/ Jennifer M. McLemore
Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
Bennett T. W. Eastham, Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
Email:  mmueller@williamsmullen.com
      jmclemore@williamsmullen.com
      beastham@williamsmullen.com

*Counsel for Heritage Trail Solar, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of October, 2021, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases.  I also caused a copy of the foregoing to be served by first class U.S. Mail on the parties shown on Exhibit C, attached hereto.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

46201743

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Lewis E. Wilkerson, Jr. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Virginia |
| Case number | 20-34576 |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Heritage Trail Solar, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor Diode Ventures, LLC

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jennifer M. McLemore, Williams Mullen
Name

200 South 10th Street, Suite 1600
Number     Street

Richmond          VA          23219
City               State        ZIP Code

Contact phone (804) 420-6330

Contact email jmclemore@williamsmullen.com

Where should payments to the creditor be sent? (if different)

Irit Nevat
Name

11401 Lamar Avneue
Number     Street

Overland Park     KS          66211
City               State        ZIP Code

Contact phone (913) 458-2189

Contact email nevatl@diodeventures.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

---

6.  **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

7.  **How much is the claim?**   $ **See Exhibit A**  . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8.  **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Real Estate Purchase Option Agreement

---

9.  **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

---

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01-Oct-2021  |  8:52 AM CDT
              MM / DD / YYYY

DocuSigned by:

*Erika Benson*

Signature   F664E3F018DA492...

Print the name of the person who is completing and signing this claim:

| Name | Erika Dawne Benson | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Senior Director and Legal Counsel |
|---|---|

| Company | Diode Ventures, LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 4009 Bannister Land, #412 | | |
|---|---|---|---|
| | Number   Street | | |
| | Austin | TX | 78704 |
| | City | State | ZIP Code |

| Contact phone | (913) 458-7056 | Email | bensoned@diodeventures.com |
|---|---|---|---|

## EXHIBIT A

### Proof of Claim of Heritage Trail Solar, LLC
### In re:  Lewis E. Wilkerson, Jr.; Case No. 20-34576-KLP
### Pending in the United States Bankruptcy Court for the Eastern District of Virginia

Background.

Diode Ventures, LLC ("Diode") is the infrastructure development arm of Black & Veatch, a leading global engineering, consulting and construction company specializing in infrastructure development in telecommunications, energy, water, and government markets. Diode, among its other projects and activities, develops utility-scale solar and battery storage projects around the world.

Diode entered into a *Real Estate Purchase Option Agreement* ("Purchase Option") with Lewis E. Wilkerson, Lewis E. Wilkerson, Jr. and Dawn Wilkerson (the "Owners") on August 31, 2020 to preserve an exclusive, irrevocable, and absolute right to purchase certain parcels of real property situated in Prince Edward County.  The option preserved in the Purchase Option begins on August 31, 2020 and ends on August 31, 2023[1] (the "Option Period").

The Purchase Option was amended by agreement of the parties on June 9, 2021, adding, among other things, Heritage Trail Solar, LLC ("Heritage") as the successor in interest to Diode's interest in the Purchase Option (the "Purchase Option Amendment").  Heritage is a wholly-owned subsidiary of Diode and is also the special purpose vehicle ("SPV") that holds Diode's assets (studies, other documents, permits, etc.) for the particular site(s) covered by the Purchase Option and the Purchase Option Amendment (hereinafter, collectively, the "Purchase Option").[2]

Basis for Claim.

During the Option Period, Diode and Heritage have conducted and will continue to conduct studies on the real property subject to the Purchase Option for solar and electric transmission connection viability.  Such studies include environmental studies and transmission generation interconnection studies to determine whether a solar project, potentially built on the real property subject to the Purchase Option, could be interconnected to the electricity grid; these studies, which have not be finalized yet, will also project the cost for such interconnection to the electricity grid.[3]

---

[1] The option period preserved under the Purchase Option can be extended beyond August 31, 2023, for an additional six months, by Diode and now Heritage, if necessary, to complete required development and permitting activities. This extension can be obtained if Heritage provides the Owners notice of the extension, including documentation to demonstrate Heritage's diligent pursuit of development and permitting activities.

[2] For the avoidance of doubt, at that time of execution of the Purchase Option Amendment, Diode and Heritage were unaware of the Debtor's pending bankruptcy case.  Heritage intends to cooperate with the Debtor to seek the Court's approval of the Purchase Option Amendment, as it is a critical update to the Purchase Option.

[3] As of the time of filing, Diode does not have interconnection rights for the underlying project.  It is not customary at this stage of the project to have such rights preserved.  Such interconnection rights will be preserved after completion of further studies, provided the studies give favorable guidance with regard to the feasibility and costs of interconnectivity.  Heritage anticipates that such rights will be preserved much closer to an anticipated closing, if a closing is to occur.

Diode's and Heritage's efforts to study the subject real property is governed by the terms of the Purchase Option, and those efforts are impacted by timelines controlled by certain third parties, outside of the control of Diode and Heritage. These third parties provide the expertise required for Diode and Heritage to evaluate the real property and to make a final decision on whether to exercise the Purchase Option. These third-party studies, including those required and performed by state and regional regulatory bodies, and their related reports are an integral part of the due diligence required by Diode's and Heritage's lenders, co-developers, partners, and mandatory permitting authorities.

The Debtor has specific and meaningful obligations due to Diode and Heritage, which are preserved under the Purchase Option. Many of these Debtor obligations must be carried out during the Option Period. For example, the Debtor must assist with curing all site title issues, such that Heritage is conveyed a General Warranty Deed for Fee Simple Title upon a closing of the transaction rights preserved in the Purchase Option. All clouds on title must be cleared by the Debtor in order for Heritage to consider closing on the transaction preserved in the Purchase Option. The Debtor also has an affirmative obligation under the Purchase Option to repair or remediate hazardous materials on the subject property. In addition to these obligations, there are numerous other obligations due from the Debtor to Diode and Heritage, which are no less important to a closing of the transaction contemplated by the Purchase Option, despite the fact that they are not set forth herein in full.[4]

To date Diode and Heritage have made substantial investments in furtherance of the project contemplated by the Purchase Option, including advancing fees for title work, fees for studies, application fees, and fees for feasibility/interconnection analysis, among others.

If, for any reason, the Debtor does not fulfill his obligations due to Heritage under the Purchase Option, such that the transaction contemplated in the Purchase Option cannot close, or if the Debtor's actions or inactions prevent the transaction contemplated by the Purchase Option from closing, Heritage and Diode will incur significant damages as a result of the Debtor's breach of the Purchase Option. Heritage's and Diode's damages arising under the Purchase Option would include, but would not be limited to, lost opportunity costs arising from the Debtor's breach, breach of contract damages, and any other damages arising under the terms of the Purchase Option. Heritage's and Diode's damages would also include all of the costs incurred for studies, reports, permits, and other costs incurred in reliance on the parties' rights and obligations under the Purchase Option.

Summary of Claims:

Heritage and Diode hereby assert a contingent, unliquidated claim against the Debtor as there is a risk that the Debtor may breach the Purchase Option. The damages that would be due to Heritage and Diode in such an instance include, but are not limited to damages equal to the purchase price under the Purchase Option, all options fees paid to the Debtor, plus the expenses set forth in Exhibit 1 attached hereto, which have been incurred in pursuit of the obligations under the Purchase Option. Option fees and expenses incurred under the Purchase Option post-petition are set forth on Exhibit 1 without prejudice to Diode's and Heritage's right to assert any and all post-petition expenses incurred as claims entitled to be treated with administrative priority.

---

[4] The Debtor has a copy of the Purchase Option, which contains numerous confidential business terms. If the Debtors need another copy of the Purchase Option to consider this claim, a request need only be directed to Ms. McLemore, who will make a copy available immediately.

Heritage and Diode expressly reserve the right to amend this claim at such time that their damages for breach of the Purchase Option by the Debtor are no longer contingent and are liquidated.

<u>General Reservation of Rights</u>.

Submission of this contingent and unliquidated claim is filed in contemplation of a Court-ordered extension of the claims bar date, as, to date, Heritage and Diode have not received any formal notices in this case, including the notice of the deadline to file claims. This claim is filed to protect Heritage and Diode from forfeiture of their claims for any reason. Filing of this claim is not and should not be construed to be: (a) a waiver or release of Heritage's and Diode's rights against any other entity or person liable for all or part of any claim described herein; (b) a consent by Heritage or Diode to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving Heritage and/or Diode; (c) a consent by Heritage or Diode to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to withdraw the reference with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case against or otherwise involving Heritage or Diode; or (e) an election of remedy that waives or otherwise affects any other remedy of Heritage or Diode.

Heritage and Diode expressly reserve the right to amend or supplement this claim in any respect, and to file additional proofs of claim for any additional claim or claims that may arise in these cases, and to assert any administrative claim or claims that Heritage or Diode may have against the Debtor.

Additional and supplementary documentation in support of the claim may be obtained by submitting a written request to:

>Jennifer M. McLemore, Esquire
>Williams Mullen
>200 South 10th Street, Suite 1600
>Richmond, Virginia 23219
>Email: jmclemore@williamsmullen.com

46202363

## EXHIBIT 1

**Proof of Claim of Heritage Trail Solar, LLC**
**In re:  Lewis E. Wilkerson, Jr.; Case No. 20-34576-KLP**
**Pending in the United States Bankruptcy Court for the Eastern District of Virginia**

**All Known Liquidated Expenses Incurred by Diode Ventures, LLC and**
**Heritage Trail Solar, LLC Pursuant to Purchase Option (incurred pre and post-petition)**

| Item | Cost |
|---|---|
| Interconnection & Support | $145,400.00 |
| Outside Counsel (Note: does not include Williams-Mullen items so far) | $18,831.00 |
| Option Payments to date. | $ 89,526.00 |
| Diligence, permitting, and support (can break down further). | $297,226.00 |
| Other | $ 93,133.00 |
| **TOTAL** | **$644,116.00** [1] |

46203860_1

---

[1]  Heritage continues to incur expenses pursuant to the requirements of the August 31, 2020 Purchase Option and the June 9, 2021 Purchase Option Amendment.  Heritage reserves the right to amend the amounts asserted here to account for such amounts that continue to be incurred under the Purchase Option and Purchase Option Amendment.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LEWIS E. WILKERSON, JR.,** | ) | **Case No. 20-34576-KLP** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

### ORDER ON MOTION OF HERITAGE TRAIL SOLAR, LLC FOR
### LEAVE TO ENLARGE THE TIME TO FILE A CLAIM AND TO DEEM
### THE CLAIM AS TIMELY FILED AND MEMORANDUM IN SUPPORT THEREOF

Upon the *Motion of Heritage Trail Solar, LLC for Leave to Enlarge the Time to File a Claim and to Deem the Claim as Timely Filed and Memorandum in Support Thereof* (the "Motion for Leave") [Docket No. _____]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 to hear the Motion for Leave;[1] and this Court having found that notice of the Motion for Leave and opportunity for a hearing on the Motion for Leave were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion for Leave and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

---

[1] Capitalized terms that are not defined herein shall have the meaning ascribed to them in the Motion for Leave.

Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Bennett T. W. Eastham, Esquire (VSB No. 93484)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email:  mmueller@williamsmullen.com
        jmclemore@williamsmullen.com
        beastham@williamsmullen.com

*Counsel for Heritage Trail Solar, LLC*

legal and factual bases set forth in the Motion for Leave and asserted at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after

due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion for Leave is hereby GRANTED.

2.      Heritage Trail Solar, LLC may file a proof of claim against the Debtor, and the

deadline to do so is enlarged up to and including October ___, 2021, and any such proof of claim

filed shall be deemed to be timely filed, if it is filed on or before that date.

3.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

4.      This Court shall retain jurisdiction over any and all matters arising from or related

to the implementation or interpretation of this Order.


ENTERED this ___ day of _____, 2021.



_____
United States Bankruptcy Judge

WE ASK FOR THIS:

_____

Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
Bennett T. W. Eastham, Esquire
Williams Mullen
200 South 10th, Street, Suite 1600
Richmond, Virginia 23219-3095
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
        jmclemore@williamsmullen.com
        beastham@williamsmullen.com

*Counsel for Heritage Trail Solar, LLC*

SEEN:

_____

Robert A. Canfield
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA 23228

*Counsel for Debtor*

## **LOCAL BANKRUPTCY RULE 9022-1 CERTIFICATION**

The undersigned counsel hereby certifies that this Order has been endorsed by all necessary parties.

_____

Jennifer M. McLemore

## **PARTIES TO BE NOTICED**

Robert A. Canfield
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA 23228

Jennifer M. McLemore
200 E. 10th Street
Suite 1600
Richmond, Virginia 23219

46205606_1

EXHIBIT C

Apple Advance Corp.
c/o Michael Katz, CEO
2495 Deer Creek Lob Lolly Lane
Deerfield Beach, FL 33442

Alan D. Eisler
Eisler Hamilton , LLC
1 Research Court, Suite 450
Rockville, MD 20850

Peter J. Barrett, Subchapter V Trustee
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, VA 23219

Carl A. Eason
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, VA 23452-1385

William R. Baldwin, III
Meyer Baldwin Long & Moore LLP
5600 Grove Avenue
Richmond, VA 23226-2102

Michael A. Condyles
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, VA 23219-4071

John P. Fitzgerald, III
Office of the US Trustee - Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

Kathryn R. Montgomery
Office of the United States Trustee
701 East Broad Street, Ste. 4303
Richmond, VA 23219

Jason Brill Shorter
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Flamina Investments, LLC
Justin C. Smart
Day Law Group, PLLC
PO Box 1168
Forest, VA 24551

Forethought Life Insurance Company
SHAPIRO & BROWN LLP
501 Independence Pkwy, Suite 203
Chesapeake, VA 23320

Mary F. Balthasar Lake
Logs Legal Group
10021 Balls Ford Road, Suite 200
Manassas, VA 23320

Johnie Rush Muncy
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

Sonabank (f.k.a. EVB)
c/o Kimberely J. Lipscomb
P.O. Box 2075
Ashland, VA 23005

William A. Broscious
William A. Broscious, Esq., PLC
P.O. Box 71180
Henrico, VA 23255

Scott J. Newton
Manassas Law Group, PC
9255 Lee Avenue
Manassas, VA 20110

Richard C. Maxwell
Woods Rogers PLC.
10 S. Jefferson Street, Suite 1400
P. O. Box 14125
Roanoke, VA 24038-4125

Union Funding Source
780 Long Beach Blvd.
Long Beach, NY 11560

Stephen H. Sherman
Maurice Wutscher LLP
20 F Street, NW, 7th Floor
Washington, DC 20001

Lewis E. Wilkerson, Jr.
PO Box 270
Keysville, VA 23947

Robert A. Canfield
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA 23228

Ally Financial
P.O. Box 380902
Minneapolis, MN 55438

American Express
PO Box 650448
Dallas, TX 75265

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

AmeriCredit Financial Services, Inc.
dba GM Financial
P O Box 183853
Arlington, TX 76096

Apple Advance Corp
c/o Jonathan A. Berkowitz, Esq.
712 US Hwy 1, #400
North Palm Beach, FL 33408

Arc3 Gases
PO Box 26269
Richmond, VA 23260

ARM Solutions, Inc
PO Box 2929
Camarillo, CA 93011

Bank of America
PO Box 982238
El Paso, TX 79998

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2238

Bank of Charlotte County
PO Box 336
Phenix, VA 23959

Bank of Charlotte County
PO Box 2711
Omaha, NE 68103-2711

Bank of the West
PO Box 2078
Omaha, NE 68103-2078

Bank of the West
2527 Camino Ramon
San Ramon CA 94583

Barclay's Juniper MC
PO Box 13337
Philadelphia, PA 19101

BMO Harris Bank N.A.
P.O. Box 3040
Cedar Rapids, IA 52406

BMO Transportation Finance
BMO Harris Bank NA
PO Box 71951
Chicago, IL 60694-1951

Can Capital, Inc.
WebBank c/o Can Capital
2015 Vaughan Rd, NW, Bldg 500
Kennesaw, GA 30144

Capital One
PO Box 71083
Charlotte, NC 28272

Capital One Bank (USA), N.A.
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Carter Machinery Co, Inc.
PO Box 751053
Charlotte, NC 28275-1053

Carter Machinery Company, Inc.
c/o Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510

CAT Commercial Revolving Card
Dept. 33-8025507039
PO Box 78004
Phoenix, AZ 85062

Caterpillar Financial SvcsCorp
2120 West End Ave.
Nashville, TN 37203

CFS Group
PO Box 580203
Charlotte, NC 28258-0203

Charlotte County Treasurer
P O Box 267
Charlotte Court House VA 23923

Citizens Bank N.A.
One Citizens Bank Way
JCA115
Johnston, RI 02919

Citizens Bank NA
PO Box 255587
Sacramento, CA 95865

Citizens Bank, N.A.
c/o Carl A. Eason, Esquire
200 Bendix Road, Suite 300
Virginia Beach, VA 23452

Colony Tire Corp #33
2900 Deepwater Terminal
Richmond, VA 23234

Cumberland State Forest
State Forester of Va
751 Oak Hill Road
Cumberland, VA 23040

Daimler Truck Financial
14372 Heritage Parkway
Forth Worth, TX 76177

David J. & Pat Smith
56 Wexford Club Drive
Hilton Head Island, SC 29928

Dawn H. Wilkerson
390 Maple Road
Keysville, VA 23947

De Lage Landen Financial Services,
Inc., Doug Shore
1111 Old Eagle School Road
Wayne, PA 19087

De Lage Landen Financial Svcs
PO Box 41602
Philadelphia, PA 19101

Essex Bank
c/o Michael A. Condyles, Esq.
Kutak Rock LLP
901 E Byrd Street, Ste. 1000
Richmond, VA 23219

Essex Bank
9954 Mayland Drive, Ste 2100
Henrico, VA 23233

Everest Business Funding
8200 NW 52nd Terrace, 2nd Flr
Doral, FL 33166

Farmers Bank of Appomattox
PO Box 216
Appomattox, VA 24522

Flaminia Investments, LLC
2610 Business Drive
Cumming, GA 30028

Flaminia Investments, LLC
P.O. Box 1168
Forest, VA 24551

FNB Equipment
1853 Highway 315
Pittston, PA 18640

Forethought Life Insurance
c/o Mary Balthasar Lake,
LOGS Legal Group, LLC
10021 Balls Ford Rd #200
Manassas, VA 20109

Forethought Life Insurance Company
c/o Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

Fred C. & Jane E. Howell
104 Clopton Court
Lynchburg, VA 24503

GM Financial
PO Box 183593
Arlington, TX 76096

Hancock Natural Resource Group
197 Clarendon St C-08-99
Boston, MA 02116

Home Loan Investment Bank
1 Home Loan Plaza
Warwick, RI 02886

Home Loan Investment Bank, FSB
c/o Samuel I. White, PC
596 Lynnhaven Parkway, Ste 200
Virginia Beach, VA 23452

Internal Revenue Service
P.O.Box 7346
Philadelphia, PA 19101

IPFS Corporation
PO Box 412086
Kansas City, MO 64141

Knight Capital Funding
9 E. Loockerman St, #202-543
Dover, DE 19901

Mercedes-Benz Financial Services USA
LLC, c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Paccar Financial
240 Gibraltar Rd, Ste 200
Horsham, PA 19044-2361

PACCAR Financial Corp.
Attn: Linda Markle, BK Specialist
P.O. Box 1518
Bellevue, WA 98009-1518

Parker Fuel Freedom
PO Box 142
South Hill, VA 23970

Parker Oil & Propane
617 S. Main St
Chase City, VA 23924

Parker Oil & Propane
2000 W. Third St
Farmville, VA 23901

Robert Dixon
c/o W. R. Baldwin, III
5600 Grove Ave
Richmond, VA 23226

Robert E. Dixon
c/o FlorenceGordanBrown, P.C.
901 East Cart Street
Richmond, VA 23219

Robert M. & Carolyn K. Anderson
4103 Forest Circle
Richmond, VA 23225

SelectPortfolio Servicing, Inc
PO Box 65450
Salt Lake City, UT 84165

SonaBank
P.O. Box 2075
Ashland, VA 23005

Spartan Capital Funding, LLC
104 E. 25th St, 10th Floor
New York, NY 10010

Spartan Capital Funding, LLC
Thomson Ollunga LLP
845 Third Ave., 6th
New York, N.Y. 10022

Swift Financial, LLC
as Servicing Agent for WebBank
3505 Silverside Rd., Suite 200
Wilmington, DE 19810

SwiftFinancial,LLC/Loanbuilder
a PayPal service
3505 Silverside Road
Wilmington, DE 19810

The Bank of Charlotte County
PO Box 336
Phenix, VA 23959

The Carrington Co., LLC
203 Archway Court
Lynchburg, VA 24502

The Farmers Bank of Appomattox
P.O. Box 216
Appomattox, VA 24522

Timbervest Partners III VA
c/o Thompson McMullan, P.C.
100 Shockoe Slip. Third Floor
Richmond, VA 23219

Truck Enterprises, Inc.
P.O. Box 4470
Harrisonburg, VA 22801

Truck Enterprises, Inc.
3440 S. Main Street
Harrisonburg, VA 22801

U.S. Trustee's Office
701 E. Broad Street, Suite 4000
Richmond, VA 23219

Union Funding Source
1835 E. Hallandale Beach Blvd
PMB 278
Hallandale Beach, FL 33009-4619

Union Funding Source
c/o Maurice Wutscher LLP
23611 Chagrin Blvd. Suite 207
Beachwood, OH 44122

Union Funding Source
780 Long Beach Blvd.
Long Beach, NY 11561

Unique Funding Solutions
71 S Central Ave
Valley Stream, NY 11580

Universal Platinum Fleet Progr
PO Box 1239
Covington, LA 70434

Verizon
PO Box 16801
Newark, NJ 07101

Verizon Connect Fleetmatics
60 Sylvan Road
Waltham, MA 02451-1120

Wells Fargo
PO Box 77053
Minneapolis, MN 55480

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

WST Products LLC
PO Box 270
Keysville, VA 23947

WST Products, LLC
PO Box 270
Keysville, VA 23947