IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 20-34576-KLP |
| LEWIS E. WILKERSON, JR., | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO DISCLOSURE STATEMENT AND TO
SUBCHAPTER V, CHAPTER 11 PLAN,
NOTICE OF OBJECTION TO CONFIRMATION OF PLAN
AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

1. Notice of Objection and Notice of Hearing

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

PLEASE TAKE NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on [to be scheduled by Debtor upon separate notice], before the Honorable Keith L. Phillips, in the United States Bankruptcy Court for the Eastern District of Virginia **by remote hearing**.

**REMOTE HEARING INFORMATION:**

Due to the COVID−19 public health emergency, no in-person hearings are being held. This hearing will take place remotely through Zoom on the date and time scheduled herein.

To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at www.vaeb.courts.gov, on the page titled, "Temporary Emergency Provisions Regarding

Robert P. McIntosh
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
E-Mail: Robert.McIntosh@usdoj.gov
Counsel for the United States of America

ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.***

PLEASE NOTE: You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.

2. <u>Objection to Disclosure Statement and Confirmation of Chapter 11 Plan</u>

The United States of America, by and through undersigned counsel, on behalf of its Internal Revenue Service, hereby objects to confirmation of the proposed Chapter 11 Plan on the following grounds:

The Debtor filed a Chapter 11 Petition in the jointly administered case on November 17, 2020. The Internal Revenue Service timely filed proofs of claim, the current amended proof of claim being set forth as follows:

| Date of Claim | September 23, 2021 |
|---|---|
| Secured Amount | $361,407.81 |
| Priority Amount | $63,038.90 |
| General Unsecured Amount | --- |
| Total Amount of Claim | $424,446.71 |

1.  <u>Inconsistency of Terms Regarding the Treatment of Priority Tax Claims</u>. The Internal Revenue Service objects to Sections 3.03 and 4.01 of the Plan [Dkt No. 163 at ECF pages 25-26]. Section 3.03 provides:

> 3.03 Priority Tax Claims. Each holder of a [priority] tax claim will be paid in full *within ten (10) days of the effective date of the plan*.

*Id.* (emphasis added).

Section 4.01 of the Plan provides:

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 - Priority Claims: Charlotte County Treasurer & Internal Revenue Service | Not Impaired. | Will be paid in full within thirty (30) days of the closing of the contract with Diode Ventures. |

Plan, Dkt No. 163, p. 26. Creditors holding priority tax claims cannot determine when payment of their claims will be made under the current plan.

**Proposed language to resolve the objection:** Debtor will pay the secured and priority claims of the Internal Revenue Service, as filed and allowed, together with applicable interest, within 30 days after the Effective Date.

2.  <u>Inability of the Debtor to Make Payments Under the Plan</u>. Section 1190(1)(C) requires that the Plan include "projections with respect to the ability of the debtor to make payments under the proposed plan." 11 U.S.C. § 1190(1)(C). To the extent that payment of creditors under the Plan is dependent upon "the closing of the contract with Diode Ventures," *see id.*, the Plan cannot be confirmed because there currently is no closing date, and no reasonable prospect for a closing date to be determined before confirmation. The Plan advances the

prospect of a sale of assets to pay creditors, but the contract under which such sale is to occur has been withheld from creditors. *Compare* Plan, ECF page 23 ("[Debtor] obtained a contract to sell certain parcels of real estate for the construction of a solar panel farm. A copy of the contract is attached hereto as Exhibit B.") *with* Plan, ECF page 32 ("Access to Exhibit B has been Restricted").

Indeed, doubt exists as to whether the sale ever will occur at all. *See* "Limited Objection to the Disclosure Statement" by Heritage Trail Solar, LLC, Dkt No. 164 (citing purchase option that extends to August 31, 2023 (ECF p. 3, ¶6), which can be extended for an additional six months (ECF p. 3, fn. 3); the requirement for "environmental studies and transmission generation interconnection studies" (ECF p. 3, ¶8); and other "third-party studies, including those required and performed by state and regional regulatory bodies" (ECF p. 4, ¶9); among others).

3. <u>Treatment of Secured Tax Claims</u>.  The Plan does not recognize any portion of the claim of the Internal Revenue Service as "secured."  The claim is secured in the amount of $361,407.81.

**Proposed language to resolve the objection:**  Debtor will pay the secured claim of the Internal Revenue Service, as filed and allowed, less adequate protection payments paid to date of confirmation, with interest accruing from the date of confirmation at the rate of three percent (3%) per year[1]  commencing on the Effective Date.  The Internal Revenue Service shall retain the liens securing its secured claim until paid.

4. <u>Treatment of Administrative Claims</u>. The Disclosure Statement appears to require that the Internal Revenue Service file administrative tax claims. *See* Dkt 163, ECF p. 2 ("Thirty (30) days after the Effective Date, any party in interest shall file requests for payment of

---

[1] Or the rate in effect on the date of confirmation.

—4—

Administrative Expense Claims, including Fee Claims, not otherwise the subject of prior bar dates or pending Notice of an Administrative Expense. Unless otherwise ordered by the Bankruptcy Court, the Confirmation Order shall operate to set a bar date for the filing of any such requests as not later than thirty (30) days after the Effective Date."). The Plan is not clear as to an administrative claims bar date.

**Proposed language to resolve the objection:** Debtors will fully comply with federal tax laws by timely filing all required post-petition tax returns when due or timely filing a request for extension, by making all required tax deposits and/or estimated tax payments in full when due, and by paying in full all taxes owed to the Internal Revenue Service (including all tax, interest, and penalties accrued through the date of payment) in the ordinary course of business. Failure to do so may constitute a material default under the terms of the Plan.

Additionally, at the discretion of the Internal Revenue Service and notwithstanding anything in the Plan or this Confirmation Order to the contrary, the Internal Revenue Service is authorized (but shall not be required) to file proofs of claim for Administrative Claims for taxes incurred by the Debtors following the Petition Date, which shall be paid in accordance with Sections 503(b)(1)(D), 503(b)(1)(B) and (C), and 1129(a)(9)(A) of the Bankruptcy Code (11 U.S.C.) or, if not due on the Effective Date, in the ordinary course of business in accordance with applicable law. The Internal Revenue Service shall not be required to seek or obtain prior authorization for filing proofs of such Administrative Tax Claims.

If Debtors fail to pay any Administrative Tax Claims on or before the Effective Date in accordance with section 1129(a)(9)(A) or, if not due on the Effective Date, in the ordinary course of business in accordance with applicable law, then the Internal Revenue Service may enforce collection of such Administrative Tax Claims by any means authorized by non-bankruptcy law,

—5—

without further recourse to the Bankruptcy Court, as well as seek any other remedies under the Default Provisions of the Plan or Confirmation Order.

WHEREFORE, the United States objects to the adequacy of the Disclosure Statement, objects to the Chapter 11 Plan, and requests that confirmation of the proposed Plan be DENIED; or alternatively, that it be amended to address the Service's objections, or that provisions be included in the Order of Confirmation, to be endorsed by counsel for the Internal Revenue Service.

    Respectfully submitted,

    RAJ PAREKH
    Acting United States Attorney

By:   /s/ Robert P. McIntosh
    Robert P. McIntosh
    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I will on October 11, 2021 serve the foregoing by causing true and correct copies thereof to be placed in the United States mail, postage prepaid, addressed as follows:

>Lewis E. Wilkerson, Jr.
>PO Box 270
>Keysville, VA 23947
>*Debtor*

I hereby certify that the foregoing is being filed October 8, 2021 with the United States Bankruptcy Court electronically in the CM/ECF system.  Notice of this filing will be sent to all Notice Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  Parties currently listed by the CM/ECF system to receive electronic notice in this case include counsel representing the debtor/debtor-in-possession, the proponent of the plan, and the United States Trustee as follows:

*Counsel to the Debtors*
Robert A. Canfield
Canfield Wells, LLP
4124 E. Parham Road
Henrico, VA 23228
Email: bcanfield@canfieldbaer.com

*Office of the U.S. Trustee*
Kathryn R. Montgomery
Office of the United States Trustee
701 East Broad Street, Ste. 4303
Richmond, VA 23219
Email: Kathryn.Montgomery@usdoj.gov

*Subchapter V Trustee*
Peter J. Barrett
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, VA 23219
Email: peter.barrett@kutakrock.com

Date: October 8, 2021

          /s/ Robert P. McIntosh