**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

IN RE: LEWIS E. WILKERSON, JR.                                    Case No. 20-34576-KLP
                                 Debtor.                          Chapter 11

Address: PO Box 270
            Keysville, VA 23947

SSN / EIN: xxx-xx-5631

**NOTICE OF HEARING**

Lewis E. Wilkerson, Jr. has filed his Amended Disclosure Statement with the Court.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one.** **(If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief requested in the objection, or if you want the Court to consider your views on the objection, then on or before **November 24, 2021**, you or your attorney must:

■ File with the Court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(h)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will receive it on or before **November 24, 2021**.

           Clerk of the Court
           United States Bankruptcy Court
           Eastern District of Virginia, Richmond Division
           701 E. Broad Street
           Richmond, VA 23219

You must also mail a copy to:

           Robert A. Canfield, Esquire
           Canfield Wells, LLP
           4124 E. Parham Road
           Richmond, Virginia 23228

■ Attend the hearing scheduled on **December 8, 2021 at 10:30 a.m.,** in the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia in front of Bankruptcy Judge Keith L. Phillips. All proceedings before Judge Phillips will be conducted by video conference via Zoom for Government in accordance with General Order 20-5. Any participant wishing to appear via Zoom for Government must pre-register. Attorneys seeking to

27

participate must be admitted to the Court or admitted pro hac vice. (See Local Bankruptcy Rule 2090-1, which is accessible on the Court's Local Rules internet web site page.)

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the request of Lewis E. Wilkerson, Jr.

Date: October 27, 2021

> /s/ Robert A. Canfield
> Robert A. Canfield

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Amended Disclosure Statement was sent either electronically or by first class mail, postage pre-paid to all necessary parties on October 27, 2021:

See Attached Creditors List

> /s/ Robert A. Canfield
> Robert A. Canfield

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEWIS E. WILKERSON, JR. | ) | |
| | ) | Bankruptcy Case No. 20-34576 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**AMENDED DISCLOSURE STATEMENT PURSUANT TO
SECTION 1125 OF THE BANKRUPTCY CODE FOR PLAN
OF REORGANIZATION FOR LEWIS E. WILKERSON, JR.**

**October 27, 2021**

**Robert A. Canfield, Esquire**
**Canfield Wells, LLP**
**4124 E. Parham Road**
**Henrico, VA 23228**
**(804) 673-6600 Telephone**
**(804) 673-6604 Facsimile**
**Counsel for Lewis E. Wilkerson, Jr.**

## SUMMARY OF PLAN AND MEANS OF EXECUTION

The Debtor proposes the Plan of Liquidation under the provisions of Chapter 11 in Title 11, United States Code. The Plan is premised upon the Debtor's belief that it will be able to sell his assets to otherwise settle creditor claims/causes of actions, and provide a dividend to creditors paying 100% of their allowed claims.

This Plan of Liquidation provides for: two (2) classes of priority claims, ten (10) classes of secured claims; and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the Debtor of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of all administrative claims.

The Debtor intends to pay all secured creditors in full at the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. The Debtor has already sold two (2) properties unrelated to the contract that has a lien on it held by his largest creditor, Home Loan Investment Bank, FSB, in which it has received approximately $538,000.00 towards the debt owed on its lien. The Debtor has returned a 2015 GMC Sierra truck to the secured creditor, AmeriCredit Financial Services, Inc., d/b/a GM Financial. A 2016 GMC Sierra truck was returned to AmeriCredit Financial Services, Inc., d/b/a GM Financial also.

Not later than –

- Sixty (60) days after the Effective Date, subject to any extensions granted pursuant to further order of the Bankruptcy Court, the Debtor shall file and serve any objections to Claims Filed with the Court to which the Debtor disputes liability in whole or in part. The Debtor shall litigate any objections to Final Order or compromise and settle them in accordance with the Debtor's business judgment. The Debtor may obtain any such extension order without a hearing or notice upon presentation of a proposed order to the Bankruptcy Court or by agreement of the parties.

The Debtor disputes Claim Number 33 filed by Robert Dixon, as the Debtor is not indebted to Robert Dixon. An adversary proceeding with the case number 21-03008 is in the process in the United States Bankruptcy Court with a trial being held on October 27, 2021. The Debtor reserves the right to object to any claim filed in his bankruptcy case.

- Thirty (30) days after the Effective Date, any party in interest shall file requests for payment of Administrative Expense Claims, including Fee Claims, not otherwise the subject of prior bar dates or pending Notice of an Administrative Expense. Unless otherwise ordered by the Bankruptcy Court, the Confirmation Order shall operate to set a bar date for the filing of any such requests as not later than thirty (30) days after the Effective Date. Unless extended by order of the Bankruptcy Court, the Debtor and any other party in interest will have until sixty (60) days after the Effective Date to review and object to such requests for payment, provided that such period of review may be extended by the Court upon request of the Debtor or agreement of the parties. Any timely-filed request for payment of Administrative Expenses other than Fee Claims, to which the Debtor has not objected or for which the Debtor has not obtained an extension for objecting, shall be deemed Allowed without further order of the Bankruptcy Court.

1

Debtors will fully comply with federal tax laws by timely filing all required post-petition tax returns when due or timely filing a request for extension, by making all required tax deposits and/or estimated tax payments in full when due, and by paying in full all taxes owed to the Internal Revenue Service (including all tax, interest, and penalties accrued through the date of payment) in the ordinary course of business. Failure to do so may constitute a material default under the terms of the Plan. Additionally, at the discretion of the Internal Revenue Service and notwithstanding anything in the Plan or this Confirmation Order to the contrary, the Internal Revenue Service is authorized (but shall not be required) to file proofs of claim for Administrative Claims for taxes incurred by the Debtors following the Petition Date, which shall be paid in accordance with Sections 503(b)(1)(D), 503(b)(1)(B) and (C), and 1129(a)(9)(A) of the Bankruptcy Code (11 U.S.C.) or, if not due on the Effective Date, in the ordinary course of business in accordance with applicable law. The Internal Revenue Service shall not be required to seek or obtain prior authorization for filing proofs of such Administrative Tax Claims. If Debtors fail to pay any Administrative Tax Claims on or before the Effective Date in accordance with section 1129(a)(9)(A) or, if not due on the Effective Date, in the ordinary course of business in accordance with applicable law, then the Internal Revenue Service may enforce collection of such Administrative Tax Claims by any means authorized by non-bankruptcy law, without further recourse to the Bankruptcy Court, as well as seek any other remedies under the Default Provisions of the Plan or Confirmation Order.

- The Debtor shall reserve from the DIP Account the sum of $5,000.00 in addition to an estimate to be received from the Office of the United Trustee for a) professional fees for services rendered post-Confirmation and b) quarterly fees owed to the United States Trustee which are incurred until an order is entered closing the Cases.

On the first Distribution Date, the Debtor shall –

- Have litigated any and all objections to Claims (including Administrative Expense Claims) to Final Order or have reached a compromise and settlement of same in accordance with the Debtor's business judgment.

- Pay Allowed Administrative Expense Claims in full from the DIP Account, or entered into an agreement as to the future payment of these Claims.

- Pay Allowed Priority Claims pro rata from the DIP Account.

- The Debtor shall distribute all net proceeds from the sale of assets to his creditors for payment of all allowed claims in full.

Following Confirmation, professionals employed in the Debtor's case as of the Petition Date which render services post-Confirmation shall be paid monthly their necessary and reasonable fees by sending a monthly billing statement similar to those Filed with the Bankruptcy Court for fee application process, to counsel for the Debtor and the United States Trustee. If there is no written objection to the statement within thirty (30) days after transmittal of the billing statement, the amount due shall be promptly paid from the Professional Escrow. Quarterly fees which may be due to the

2

Office of the U.S. Trustee will continue to be paid as due from the Professional Escrow until the Cases are closed.

The Debtor has a right to modify the Plan before Confirmation.

**The Debtor asks that you carefully consider the Plan and cast a Ballot in favor of the Plan.**

# GLOSSARY

Any term in the Disclosure Statement or Plan that is defined in §§ 101, 102 or 1101 of the Bankruptcy Code shall have the meaning assigned therein. The following terms, where they are used in the Disclosure Statement and in the Plan, shall have the meanings hereinafter assigned.

1. **Administrative Expense(s) Claim:** Meaning a Claim, other than a Fee Claim for costs and expenses of administration of these Chapter 11 Cases under Bankruptcy Code §§ 503(b), 507(b), or 1114(e)(2), and entitled to priority under Bankruptcy Code § 507(a)(2), including: (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of the Debtors; and (b) all other claims entitled to administrative claim status pursuant to a Final Order of the Bankruptcy Court.

2. **Administrative Claim Bar Date:** Thirty (30) days after the Effective Date, any party in interest shall file requests for payment of Administrative Expense Claims, including Fee Claims, not otherwise the subject of prior bar dates or pending Notice of an Administrative Expense. Unless otherwise ordered by the Bankruptcy Court, the Confirmation Order shall operate to set a bar date for the filing of any such requests as not later than thirty (30) days after the Effective Date.

3. **Administrative Tax Claim(s):** Any Claim of a governmental unit of the kind entitled to priority in payment as specified in § 503 of the Bankruptcy Code.

4. **Allowance:** The act of being authorized by § 502 of the Bankruptcy Code.

5. **Allowed:** Authorized by § 502 of the Bankruptcy Code.

6. **Avoidance Actions:** Causes of action pursuant to Chapter 5 of the Bankruptcy Code.

7. **Ballot(s):** The enclosed ballot to be used by Holders of Claims and Equity Interests for the purpose of voting to accept or reject the Plan.

8. **Bankruptcy Claim(s):** Any and all actions, claims, rights, defenses, third-party claims, cross-claims, counterclaims, suits, causes of action, chooses in action, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, and rights to payment, whether known, unknown, which a trustee, a debtor-in-possession, the bankruptcy estate or other appropriate party in interest may assert under §§ 502, 510, 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550, 551, 553 and 724(a) of the Bankruptcy Code or otherwise including, without limitation, the bankruptcy estate's rights of setoff, recoupment, contribution, reimbursement, subrogation or indemnity (as those terms are defined by the non-bankruptcy law of any relevant jurisdiction) and any other indirect claim of any kind whatsoever, whenever and wherever arising or asserted.

9. **Bankruptcy Code and/or Code:** Title 11, United States Code, as in effect on the Filing Date, and all amendments thereto which apply to this Case.

10. **Bankruptcy Court and/or Court:** The United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

11.    **Bankruptcy Rule(s):** Federal Rules of Bankruptcy Procedure which govern procedures in cases under Title 11, United States Code.

12.    **Business Day(s):** Any day other than a Saturday, Sunday, or another day on which the banking institutions in Richmond, Virginia are required or authorized to close by law or executive order.

13.    **Cash:** Legal tender of the United States of America and equivalents thereof.

14.    **Causes of Action:** Any causes of action, whether legal, equitable or statutory in nature, arising out of, or in connection with, the Debtor's businesses or operations, including, without limitation, the following: possible claims against vendors, landlords, sublessees, assignees, customers or suppliers for warranty, indemnity, back charge/setoff issues, overpayment or duplicate payment issues and collections/accounts receivables matters; depositions or other amounts owed by any creditor, lessor, utility, supplier, vendor, landlord, sublessee, assignee, or other entity, employee, management or operational matters; financial reporting; environmental, and product liability matters; actions against insurance carriers relating to coverage, indemnity or other matters; counterclaims and defenses relating to notes or other obligations or tort claims which may exist or may subsequently arise and Avoidance Actions.

15.    **Chapter 5:** Sections 501, et seq., Title 11 United States Code, as in effect on the filing date, and those amendments thereto which apply to this case.

16.    **Chapter 7:** Sections 701, et seq., Title 11, United States Code, as in effect on the Filing Date, and those amendments thereto which apply to this Case.

17.    **Chapter 11:** Sections 1101, et seq., Title 11, United States Code, as in effect on the Filling Date, and those amendments thereto which apply to this Case.

18.    **Chapter 7 Proceeds:** Proceeds received upon Liquidation of Estate Property in Chapter 7.

19.    **Claim(s):** Any right to payment from the Debtor, whether or not such right is reduced judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, known or unknown.

20.    **Class(es):** The grouping of Claims done in accordance with Bankruptcy Code §§ 1122 and 1123(a)(1).

21.    **Closing:** The sale and conveyance of real property pursuant to the Contract with Heritage Trail Solar, LLC.

22.    **Collateral:** personal property, cash or other property owned by the Debtor.

23.    **Commencement Date:** The Petition Date.

24.    **Confirmation Date:** The date the Confirmation Order becomes Final.

25.    **Confirmation** or **Confirmation of the Plan:** The effect of the Confirmation Order.

26.    **Confirmation Hearing:** The hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to 11 U.S.C. § 1129, as such hearing may be adjourned or continued from time to time.

27.    **Confirmation Order:** The Final Order entered by the Court confirming the Plan.

28.    **Consolidation:** The substantive Consolidation of all of the Estate into a single Consolidated Estate for purposes associated with Confirmation and Consummation.

29.    **Contract:** An agreement between two or more parties in which there is a promise to do something in return for consideration.

30.    **Debtor:** Lewis E. Wilkerson, Jr.

31.    **DIP Account**: The Debtor's operating account at C&F Bank.

32.    **Disclosure Statement:** The Disclosure Statement that relates to the Plan, as such Disclosure Statement may be amended, modified, or supplemented (including all exhibits and schedules annexed thereto or referenced herein).

33.    **Disputed Claim:** Any Claim that is not Allowed.

34.    **First Distribution Date:** Ten (10) days after all of the following have occurred:  a) litigation of all objections to Claims to Final Order or settlement and b) Liquidation or abandonment of Estate Property (except Causes of Action and Tax Refunds); however, not later than one hundred twenty (120) days after the Effective Date.

35.    **Effective Date:** The effective date of this Plan, as "effective date" is used in Chapter 11 of the Bankruptcy Code, shall be ten (10) days after the contract with Heritage Trail Solar, LLC closes.

36.    **Equity:** Holders of any share of common stock or other instrument evidencing an ownership interest in the Debtor whether or not transferable; and any option, warrant or right, contractual or otherwise, to acquire any such interest.

37.    **Equity Interest(s):** The interest of any holder of equity/membership in the Debtor represented by any instrument whether or not transferable.

38.    **Estate Property and/or Property:** All property and interests in property belonging to the Debtor pursuant to Bankruptcy Code § 541(a); all Bankruptcy Claims, and, the proceeds of such rights and actions.  This term excludes property excluded from the Estate pursuant to Bankruptcy Code §§ 541(a)(6) and (c)(2).

39.    **Estate(s):** The estate(s) created in these Cases in accordance with § 541 of the Bankruptcy Code.

40.    **Event of Default**: The Debtor's failure to comply with the terms of the Plan upon Confirmation.

41.    **Executory Contract(s):**  All contracts, subject to the provisions of Bankruptcy Code § 365, for which there is performance due from all parties to the contract as defined in *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1045 (4th Cir. 1985).

42.    **Fee Claim:**  A claim for compensation, indemnification or reimbursement of expenses pursuant to §§ 327, 328, 330, 331 or 503(b) of the Bankruptcy Code in connection with these Cases.

43.    **Filed:**  In reference to a document or pleading which must be "filed" with the Court.

44.    **Filing Date:**  November 17, 2020.

45.    **Final:**  In reference to an order, shall mean an order of a court that has not been reversed, modified, amended or stayed, and the time for appeal or to seek review or certiorari or rehearing thereof, has expired and as to which no appeal, review or rehearing is pending, and has become conclusive of all matters adjudicated thereby and is in full force and effect.

46.    **General Unsecured Claim(s):**  Any Claim against the Debtor other than a Secured Claim, an Administrative Expense Claim, Administrative Tax Claim, Fee Claim, and a Priority Claim. General Unsecured Claims include, but are not limited to, any Rejection Claim.

47.    **General Unsecured Creditor(s):**  The Holder of any Claim against the Debtor other than the Secured Claim, Administrative Expense Claim, Administrative Tax Claim, Fee Claim, and a Priority Claim.

48.    **Hearing:**  The date on which an actual hearing before the Court is first conducted.

49.    **Heritage Trail Solar, LLC:**  A wholly owned subsidiary of Diode Ventures, LLC that holds Diode Ventures, LLC's assets (studies, other documents, permits, etc.) for the particular site(s) covered by the Option to Purchase Contract and the Option to Purchase Contract Amendment.

50.    **Holder:**  The owner of any Claim or interest.

51.    **Impaired:**  Treatment under the Plan that impairs a classified claim or interest, or a Class of claims or interest, in accordance with § 1124 of the Bankruptcy Code.

52.    **Insider(s):**  Insiders of the Debtor as such term is defined in § 101(31) of the Bankruptcy Code.

53.    **Insider and Related Party Avoidance Actions:**  Actions pursuant to Chapter 5 of the Bankruptcy Code which may be pursued against Insiders.

54.    **IRS:**  The Internal Revenue Service for the United States of America.

55.    **Lease(s):**  A contract by which an owner of property conveys exclusive possession, control, use, or enjoyment of it for a specified rent and specified term.

56.    **Lien(s):**  The meaning set forth in Section 101 of the Bankruptcy Code.

57.    **Liquidate(d) or Liquidation:**  The method or manner by which the assets of the Debtor are converted to cash.

58.    **Notice Cure Period:** Twenty-one (21) days from delivery of written notice from a creditor or the United States Trustee to the Debtor of the failure of payment under the Plan (provided that, if the twenty-first day of such 21-day cure period shall fall on a weekend or holiday, the cure period shall be extended through and including the end of the first business day which follows such weekend or holiday)

59.    **Notice of Abandonment:** A notice of proposed abandonment pursuant to Bankruptcy Code § 554 which shall be served in accordance with Bankruptcy Rule 6007.

60.    **Option to Purchase Contract:** The Debtor, Lewis E. Wilkerson, and Dawn H. Wilkerson entered into a Real Estate Purchase Option with Diode Ventures, LLC, a Kansas Limited Liability Company, on August 31, 2020, pursuant to which Diode Ventures, LLC obtained a right to preserve an exclusive, irrevocable, and absolute right to purchase certain parcels of real property situated in Prince Edward County, as identified in the Option to Purchase Contract, if the option is exercised during the option period, which extends through August 31, 2023, and is subject to one contractual six (6) month extension.

61.    **Option to Purchase Contract Amendment:** On June 9, 2021, the Debtor, Lewis E. Wilkerson, and Dawn H. Wilkerson entered into an amendment of the Option to Purchase Contract to include Heritage Solar, LLC as the named developer under the Option to Purchase Contract. The Option to Purchase Contract remains to be ratified by the Bankruptcy Court as of the date of this Disclosure Statement.

62.    **Option Period.** The Option Period in the Option to Purchase Contract remains open for Diode Ventures, LLC and Heritage Trail Solar, LLC to exercise through and including August 31, 2023, with a potential six (6) month extension on notice by either Diode Ventures, LLC or Heritage Trail Solar, LLC.

63.    **Order:** An order entered by the Bankruptcy Court.

64.    **Original Administrative Bar Date Order:** Reserved.

65.    **Person(s):** Any individual, corporation, partnership, association, limited liability company, organization, joint stock company, joint venture, governmental unit or any political subdivision thereof, interest holders, or any other entity.

66.    **Personal Property:** See Schedule B attached as **Exhibit C**.

67.    **Petition Date:** November 17, 2020.

68.    **Plan or Plan of Liquidation:** The Debtor's Plan of Liquidation as the same may be amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the terms hereof.

69.    **Post-Petition:** On or after the Petition Date.

70.    **Pre-Petition:** Before the Petition Date.

71.    **Priority or Priority Claim(s):** The portion of an Allowed Claim that is not a Secured Claim and that is entitled to priority under Bankruptcy Code § 507(a).

72. **Professional Escrow:** The sum of $5,000.00 in addition to an estimate to be received from the Office of the United States Trustee to be held in reserve in the DIP Account for payment of a) post-Confirmation professional fees and b) quarterly fees.

73. **Proof(s) of Claim(s):** Claims filed in accordance with § 501 of the Bankruptcy Code.

74. **Rejection Damages Claim:** Any Claim against the Debtor arising from the rejection of any Executory Contract or unexpired lease pursuant to the Plan, including but not limited to any Claim of a lessor for damages resulting from the rejection of a lease of real property as such claim shall be calculated in accordance with Section 502(b)(6) of the Bankruptcy Code.

75. **Rejection Damages Claim Bar Date.** The deadline to file Rejection Damages Claim shall be thirty (30) days after any Order of Conversion if this matter is converted to Chapter 7.

76. **Secured or Secured Claim(s):** An Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, which interest was perfected as required by applicable nonbankruptcy law, or which is subject to setoff under § 553 of the Bankruptcy Code. A claim is an Allowed Secured Claim to the extent of, but not exceeding, the value (determined pursuant to § 506 of the Bankruptcy Code) of the interest of the Holder of such Claim in the Debtor's interest in such property, or the extent of the amount subject to setoff. An Allowed Secured Claim includes interest, fees, costs and charges only to the extent they may be Allowed by § 506(b) of the Bankruptcy Code.

77. **Tax Claim:** Claim under § 507(a)(8) of the Bankruptcy Code, specifically including any assessed penalty. Related penalties are General Unsecured Claims.

78. **Tax Refunds:** Any refunds based on the Debtor's tax returns.

79. **Unclaimed Fund(s):** Any money or property remaining unclaimed ninety (90) days after any distribution made or attempted to be made pursuant to the terms of this Plan.

80. **Unexpired Lease(s):** A lease between the Debtor and a third party, for either real or personal property, which is unexpired and was not terminated prior to the Filing Date.

81. **United States Trustee:** The Office of the United States Trustee.

82. **Unsecured or Unsecured Claim(s):** An Allowed Claim which is not an Administrative Expense, a Priority Claim, nor a Secured Claim.

83. **Virginia:** The Commonwealth of Virginia.

## I.    INTRODUCTION

## A.    GENERAL INFORMATION

The Debtor submits this Disclosure Statement pursuant to § 1125 of the Bankruptcy Code and in connection with the solicitation of acceptance of the Plan, a draft copy of which is attached as **Exhibit A.**

The Debtor provides this Disclosure Statement to enable any creditor whose Claim is Impaired under the Plan and, therefore, entitled to vote on the Plan, to arrive at a reasonably informed decision in exercising the right to vote to accept or reject the Plan. This Disclosure Statement should be read in its entirety prior to voting on the Plan. The information contained herein is based on records maintained by the Debtor, and no representation or warranty is made as to their complete accuracy.

For the Plan to be confirmed, voting creditors in each Class of Impaired Claims who hold at least two-thirds in amount and more than one-half in number of Claims within the Class must accept the Plan. If a creditor does not vote, i.e. does not return a fully completed Ballot within the specific time to the correct addressee, neither the creditor nor the amount of its Claim is counted to determine acceptance or rejection of the Plan. If you are entitled to vote and do not, the Ballots will be tallied as though your Claims did not exist. The Court can confirm the Plan even if the requisite acceptances are not obtained so long as the Plan complies with the Bankruptcy Code and accords fair and equitable treatment to any non-accepting Class.

Creditors entitled to vote are furnished a Ballot on which to record their respective acceptances or rejections of the Plan. Those completed Ballots must be returned to counsel for the Debtor, who will tally the votes and report the results to the Court at the hearing on Confirmation of the Plan.

## B.    INFORMATION REGARDING DISCLOSURE STATEMENT

**NO REPRESENTATIONS CONCERNING THE DEBTOR, THE DEBTOR'S OPERATIONS, THE VALUE OF THE DEBTOR'S PROPERTY OR THE PLAN ARE AUTHORIZED UNLESS THEY ARE IN THIS DISCLOSURE STATEMENT. THIS DISCLOSURE STATEMENT IS THE ONLY STATEMENT WITH RESPECT TO THE PLAN. NO OTHER REPRESENTATION CONCERNING THE DEBTOR, ITS OPERATIONS OR THE VALUE OF ITS PROPERTY HAS BEEN AUTHORIZED. YOU SHOULD RELY ONLY ON THE REPRESENTATIONS OR INDUCEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT. YOU SHOULD REPORT ANY ADDITIONAL REPRESENTATIONS AND INDUCEMENTS TO THE COURT, COUNSEL FOR THE DEBTOR OR OFFICE OF THE UNITED STATES TRUSTEE.**

**THE COURT'S APPROVAL OF THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE A RECOMMENDATION BY THE COURT AS TO THE MERITS OF THE PLAN BUT MERELY CONFIRMS THAT THE DISCLOSURE STATEMENT IS ADEQUATE TO PROVIDE THE INFORMATION NECESSARY FOR YOU TO MAKE AN INFORMED JUDGMENT REGARDING WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN.**

**THIS DISCLOSURE STATEMENT PROVIDES INFORMATION ABOUT THE PLAN. ALTHOUGH THE DEBTOR BELIEVES THAT THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS ACCURATE, THE PROVISIONS OF THE PLAN CONTROL IF THERE IS ANY INCONSISTENCY BETWEEN THE PLAN AND THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT.**

The Debtor does not warrant that the financial data in this Disclosure Statement is error free, but Debtor and the Debtor's professionals have been careful to see that all financial information is fairly and accurately presented.

If the Court does not confirm the Plan, the Debtor may amend the Plan or file a different Plan. Furthermore, a creditor may file a plan of reorganization. Additionally, on motion of a party in interest and after notice and a hearing, the Court may convert the Bankruptcy Case to a Chapter 7 case. The Debtor also has the absolute right to convert to Chapter 7 pursuant to Bankruptcy Code § 1112(a).

## II.   GENERAL INFORMATION ABOUT THE DEBTOR

The Debtor filed his petition on November 17, 2020. He was involved in a several businesses, including trucking and lumber. He contracted a debilitating disease that affects his joints and must use canes or a wheelchair to be ambulatory. He is no longer able to be gainfully employed or operate his business as a result of his disease.

In August of 2020, the Debtor entered into an Option to Purchase Contract and in June of 2021, the Debtor entered into the Option to Purchase Contract Amendment (collectively, with the Option Contract, hereinafter, the "Option to Purchase Contract"). The transaction contemplated by the Option to Purchase Contract, if consummated, will result in the Debtor selling his interest in certain parcels of real estate to Heritage Solar, LLC free and clear of all liens and encumbrances, with the Debtor delivering a general warranty deed to Heritage Trail Solar, LLC at closing. The transaction is expected to close within thirty (30) days of Heritage Trail Solar, LLC exercising the Option to Purchase, with the latest closing date being thirty (30) days after the end of the Option Period, August 31, 2023, or though that date which can be extended for an additional six (6) months on notice to the Debtor by Heritage Trail Solar, LLC.

At the time of the filing of the Disclosure Statement, the Debtor is not aware of any impediments to closing the Option to Purchase Contract that are within his control that cannot be resolved by a payment tendered at the time of closing on the Option to Purchase Contract. However, between this filing and the closing, other issues that are the Debtor's responsibility to resolve may arise. Those issues must continue to be addressed by the Debtor as they arise to ensure a closing on the Option to Purchase Contract. During the Option Period, Diode Ventures, LLC and Heritage Trail Solar, LLC have conducted and will continue to conduct studies on the real property subject to the terms of Option to Purchase Contract for solar and electric transmission connection viability. Such studies include environmental studies and transmission generation interconnection studies to determine when a solar project, potentially built on the real property subject to the Option to Purchase Contract, could be interconnected to the electricity grid; these studies, which have not be finalized yet, will also project the cost and timing for such interconnection to the electricity grid. If Heritage Trail Solar, LLC and Diode Ventures, LLC obtain proper and favorable studies, reports, permits, etc., the Option Contract is anticipated to close within thirty (30) days of Heritage Trail Solar, LLC exercising the Option to Purchase, with the latest closing date being thirty (30) days after the end of the Option Period, August 31, 2023, or though that date which can be extended for an additional six (6) months on notice to the Debtor by Heritage Trail Solar, LLC. At closingthe Debtor intends to pay all secured creditors with liens on the subject real property in full, and to deliver to Heritage Trail Solar, LLC title to the subject real property free and clear of all liens and encumbrances by means of a general warranty deed.

The Debtor intends to incorporate language into the Plan and the order confirming the Plan indicating that the Option to Purchase Contract Amendment has been approved *nunc pro tunc* back to June 9, 2021, is ratified, and fully binds the Debtor, despite the lack of prior Bankruptcy Court approval of the Option to Purchase Contract Amendment. Further, the Debtor intends, at the time the parties to the Option to Purchase Contract are prepared to consummate the subject transaction, to ask

11

the Court to enter a separate, stand-alone order approving such sale pursuant to the Option to Purchase Contract, which order will include all of the protections of section 363 for Heritage Trail Solar, LLC, as the purchaser under the Option to Purchase Contract, permitting the Debtor to deliver to Heritage Trail Solar, LLC a general warranty deed for the subject real property.

## III.    MATERIAL POST-PETITION PROCEEDINGS AND EVENTS

### A.    GENERALLY

The Debtor worked diligently to meet his obligations required under the Bankruptcy Code and to operate efficiently and effectively in Chapter 11.  The Debtor employed Robert A. Canfield, Esquire as his attorney. The Bankruptcy Court established March 17, 2021 (May 17, 2021 for government entities) as the last date by which creditors were permitted to file Proofs of Claim or interest in these Bankruptcy Cases.

Numerous parties sought and obtained extensions of the March 17, 2021 bar date to file pre-petition claims, for various reasons.  The orders entered in response to such motions shall govern the bar dates for such claimants.  The Disclosure Statement, Plan, and Plan Confirmation Order will not disturb those prior Bankruptcy Court orders.

## IV.    THE DEBTOR'S ASSETS

Most of the value of the Debtor's assets are in his real estate interests.  Below is a description of these assets as well as some additional assets.

a.    **Real Property.**    Numerous parcels of real estate located in Prince Edward County and Charlotte County, Virginia. *See* attached as **Exhibit D**.

b.    **Debtor in Possession Accounts:** The amount of money in the DIP Account varies from day to day.  The Debtor does not anticipate that the amount in the account as of confirmation will be of a significant amount.

c.    **Potential Causes of Action:** The Debtor has conducted a preliminary analysis of potential Causes of Action.  Any such causes of action could be separated into three basic categories – (1) Avoidance Actions, (2) Pre-Petition Causes of Action, and (3) Post-Petition Causes of Action.

1.    Avoidance Actions.  The Debtor is not aware of any avoidance actions.

2.    Pre-Petition Causes of Action.  The Debtor was sued in state court by Robert Dixon in the case styled *Robert E. Dixon v. Lewis E. Wilkerson, Jr.*

3.    Post-Petition Causes of Action.  An adversary proceeding with the case number 21-03008 is in the process in the United States Bankruptcy Court with a trial being held on October 27, 2021 in the case styled *Robert E. Dixon v. Lewis E. Wilkerson, Jr.* A motion was filed by Counsel of the Plaintiff on October 25, 2021 to have the trial continued to a later date.

## V.    THE DEBTOR'S LIABILITIES

### A.    SECURED CREDITORS

12

1.    **Home Loan Investment Bank, FSB:** Home Loan Investment Bank, FSB has a lien or security interest in essentially all of the real estate. The Debtor intends to continue to market these assets and pay the net proceeds from the sales to Home Loan Investment Bank, FSB until it is fully satisfied. It holds a secured claim in the amount of $4,644,367.02. The Debtor has already sold two (2) properties that have a lien on them held by his largest creditor, Home Loan Investment Bank, FSB, which has received approximately $538,000.00 towards the debt owed. Interest will continue to accrue at contract rate for secured claims post-petition. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.

2.    **Internal Revenue Service:** Internal Revenue Service filed a secured claim in the amount of $361,407.81. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Debtor will pay the secured claim of the Internal Revenue Service, as filed and allowed, less adequate protection payments paid to the date of confirmation, with interest accruing from the date of confirmation at the rate of three percent (3%) per year or the rate in effect on the date of confirmation, commencing on the Effective Date. The Internal Revenue Service will retain the liens securing its secured claim until paid.

3.    **Charlotte County Treasurer:** Charlotte County Treasurer filed a secured claim in the amount of $1405.30. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.. Interest will continue to accrue at contract rate for secured claims post-petition.

4.    **Essex Bank:** Essex Bank filed a secured claim in the amount of $209,079.07. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

5.    **The Farmers Bank of Appomattox:** The Farmers Bank of Appomattox filed a secured claim in the amount of $39,999.18. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

6.    **Citizens Bank, N.A.:** Citizen's Bank, N.A. filed a secured claim in the amount of $41,559.84. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

7.    **AmeriCredit Financial Services, Inc. d/b/a GM Financial:** AmeriCredit Financial Services, Inc. d/b/a GM Financial filed a secured claim in the amount of $10,877.45. The Debtor has returned the collateral back to the creditor in full satisfaction of the claim.

8.    **Flaminia Investments, LLC:** Flaminia Investments, LLC filed a secured claim in the amount of $248,500.00. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

9.    **Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc.:** Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc. filed a secured claim in the amount of $215,871.49. The Debtor intends to pay this claim in full at closing of the Option to

Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

10.    **The Carrington Co., LLC:**  The Carrington Co., LLC filed a claim in the amount of $670,000.00. The amount of the claimed that is secured is $180,000.00. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

11.    **Sonabank n/k/a Primis Bank:**  Sonabank n/k/a Primis Bank filed a secured claim in the amount of $73,068.67. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

12.    **Robert and Carolyn Anderson:** Robert and Carolyn Anderson hold a deed of trust with a principal amount of $90,000.00. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition.

## B.    ADMINISTRATIVE EXPENSES

1.    Professional Fees and Expenses.  Professional fees and expenses incurred by the Debtor, after approval by the Bankruptcy Court, are Administrative Expenses.  The Debtor is currently represented by Robert A. Canfield as counsel in these Chapter 11 proceedings.  All fees (and cost reimbursements) to these professionals will be paid as Administrative Expenses only after they have been approved by the Court. No such fees have been approved.  An estimate of such fees is $40,000.00.

2.    Administrative Tax Claims.  Basically, taxes accruing after the Petition Date are Administrative Tax Claims. To the extent there are any unpaid Allowed Administrative Tax Claims, the same will be paid in full on the Distribution Date.

3.    Administrative Expenses.  Kathryn R. Montgomery, Assistant United States Trustee shall be paid as an administrative expense claim allowed under § 503 of the Code.

4.    Other Administrative Expenses.  Thirty (30) days after the Effective Date, any party in interest shall file requests for payment of Administrative Expense Claims, including Fee Claims, not otherwise the subject of prior bar dates or pending Notice of an Administrative Expense.  Unless otherwise ordered by the Bankruptcy Court, the Confirmation Order shall operate to set a bar date for the filing of any such requests as not later than thirty (30) days after the Effective Date.  Unless extended by order of the Bankruptcy Court, the Debtor and any other party in interest will have until sixty (60) days after the Effective Date to review and object to such requests for payment, provided that such period of review may be extended by the Court upon request of the Debtor or agreement of the parties.  Any timely-filed request for payment of Administrative Expenses other than Fee Claims, to which the Debtor has not objected or for which the Debtor has not obtained an extension for objecting, shall be deemed Allowed without further order of the Bankruptcy Court.

## C.    PRIORITY CLAIMS

The priority claims of Internal Revenue Service in the amount of $63,038.90 and the Charlotte County Treasurer in the amount of $22,612.55 are entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2). Post-petition interest will continue to accrue.

## D.    EXECUTORY CONTRACTS

The Debtor's bankruptcy schedules list an Executory Contract, the Option to Purchase Contract with Diode Ventures, LLC, which, subject to Court approval in the plan confirmation order, has been amended by the Option to Purchase Contract Amendment *nunc pro tunc* to June 9, 2021, which makes Heritage Trail Solar, LLC the developer for the subject project. Upon entry of the plan confirmation order, the Option to Purchase Contract and the Option to Purchase Contract Amendment will be assumed in full, without amendment, by the Debtor, pursuant to the requirements of section 365 of the Bankruptcy Code. A copy of amendment to the contract is attached as **Exhibit B**.

## E.    OTHER UNSECURED CREDITORS

The Debtor's bankruptcy schedules list certain General Unsecured Claims. During the administration of these Cases, creditors filed Proofs of Claim asserting General Unsecured Claims against the Estate. All such claims are listed below:

| | | |
|---|---|---|
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-070 | 2<br>11 | $17,292.91<br>$13,660.13 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118 | 3<br>4 | $295.22<br>$295.71 |
| AmeriCredit Financial Services, Inc<br>dba GM Financial<br>P O Box 183853<br>Arlington, TX 76096 | 5 | $10,057.69 |
| The Carrington Co., LLC<br>203 Archway Court<br>Lynchburg, VA 24502-0000 | 29 | $490,000.00 |
| SonaBank<br>P.O. Box 2075<br>Ashland, VA 23005-000 | 8<br>10 | $271,092.15<br>$313,311.37 |
| Mercedes-Benz Financial Services<br>USA LLC<br>c/o BK Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | 12<br>32 | $31,462.71<br>$24,976.13 |
| Swift Financial, LLC<br>as Servicing Agent for WebBank<br>3505 Silverside Rd., Suite 200<br>Wilmington, DE 19810 | 13 | $84,066.91 |
| BMO Harris Bank N.A.<br>P.O. Box 3040<br>Cedar Rapids, IA 52406 | 14<br>16<br>24 *amended 16 | $9,438.45<br>$80,018.10<br>$1,080.10 |
| Truck Enterprises, Inc.<br>P.O. Box 4470 | 15 | $2,339.19 |

| Harrisonburg, VA 22801 | | |
|---|---|---|
| Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2238 | 18 | $18,138.56 |
| Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | 20 | $14,195.68 |
| Bank of the West<br>2527 Camino Ramon<br>San Ramon CA 94583 | 21 | $180,268.56 |
| Spartan Capital Funding, LLC<br>Thomson Ollunga LLP<br>845 Third Ave., 6th<br>New York, N.Y. 10022 | 23 | $491,226.88 |
| PACCAR Financial Corp.<br>Attn: Linda Markle, BK Specialist<br>P.O. Box 1518<br>Bellevue, WA 98009-1518 | 25 | $32,340.35 |
| De Lage Landen Financial<br>Services, Inc.<br>Doug Shore<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | 26 | $124,093.02 |
| Carter Machinery Company, Inc.<br>c/o Crenshaw, Ware & Martin,<br>P.L.C.<br>150 W. Main Street, Suite 1500<br>Norfolk, VA 23510 | 30 | $164,437.51 |
| Can Capital, Inc. WebBank<br> c/o Can Capital<br>2015 Vaughan Rd, NW, Bldg 500<br>Kennesaw, GA 30144-0000 | 31 | $150,913.88 |
| Union Funding Source<br>c/o Maurice Wutscher LLP<br>23611 Chagrin Blvd. Suite 207<br>Beachwood, OH 44122 | 35 | $70,463.00 |
| Apple Advance Corp<br>c/o Alan D. Eisler, Esq.<br>Eisler Hamilton, LLC<br>Rockville, MD 20850 | 37 | $216,170.00 |
| Heritage Trail Solar, LLC<br>c/o Jennifer M. McLemore<br>200 South 10th Street, Suite 1600<br>Richmond, VA 23219 | 36 | *Unliquidated, Contingent<br>Claim |

**Total of Allowed Unsecured Claims:**    **$2,734,514.50**

The Debtor disputes Claim Number 33 filed by Robert Dixon, as the Debtor is not indebted to Robert Dixon. An adversary proceeding with the case number 21-03008 is in the process of being adjudicated in the United States Bankruptcy Court with a trial being held on October 27, 2021. Counsel for Plaintiff filed a motion to have the trial continued to a later date on October 25, 2021. The Debtor reserves the right to object to any claim filed in his bankruptcy case.

## VI.    DESCRIPTION OF THE PLAN OF LIQUIDATION

### A.    TREATMENT OF CLAIMS

The principal provisions of the Plan are summarized below. The Plan provides for thirteen (13) Classes of Claims and/or interests as follows:

### 1.    Class One – Internal Revenue Service

The Debtor intends to pay the secured claim of the Internal Revenue Service in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Debtor will pay the secured claim of the Internal Revenue Service, as filed and allowed, less adequate protection payments paid to the date of confirmation, with interest accruing from the date of confirmation at the rate of three percent (3%) per year or the rate in effect on the date of confirmation, commencing on the Effective Date. The Internal Revenue Service will retain the liens securing its secured claim until paid. This Class is impaired.

### 2.    Class Two- Charlotte County Treasurer- The claim of Charlotte County Treasurer

will be allowed as a secured claim.  The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 3.    Class Three – Home Loan Investment Bank, FSB

The claim of Home Loan Investment Bank, FSB will be allowed as a secured claim. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 4.    Class Four – Essex Bank

The claim of Essex Bank will be allowed as a secured claim.  The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. The claim of Essex Bank shall be paid in full, with interest at the contract rate, when the Contract with Heritage Trail Solar, LLC closes, if not before.  In addition, notwithstanding any other terms or provisions of the Plan, any applicable injunction shall not apply to Essex Bank or limit in any way any of its rights or interests and all amounts owed by the Debtor to Essex Bank in accordance with the promissory note giving rise to Essex Bank's claim shall not be discharged under any scenario and shall be treated as a non-dischargeable debt of the Debtor to Essex Bank under Section 523 (a) of the Bankruptcy Code, notwithstanding any default that may occur under this Plan, the conversion of this bankruptcy case to a bankruptcy case under any other chapter, any request for relief sought by the Debtor under Section 1141(d)(5)(C) of the Bankruptcy Code, a subsequently filed bankruptcy case or otherwise.

### 5.    Class Five- The Farmers Bank of Appomattox

The claim of The Farmers Bank of Appomattox will be allowed as a secured claim.  The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage

Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 6.    Class Six- Citizens Bank, N.A.

The claim of Citizens Bank, N.A will be allowed as a secured claim. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 7.    Class Seven- AmeriCredit Financial Services, Inc. d/b/a GM Financial

The claim of AmeriCredit Financial Services, Inc. d/b/a GM Financial will be allowed as a secured claim and will be deemed fully paid as debtor returned collateral in full satisfaction of the claim.

### 8.    Class Eight- Flaminia Investments, LLC

The claim of Flaminia Investments, LLC will be allowed as a secured claim.  The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.  Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 9.    Class Nine- Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc.

The claim of Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc. will be allowed as a secured claim. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 10.    Class Ten- The Carrington Co., LLC

The claim of The Carrington Co., LLC will be allowed as a secured claim. The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 11.    Class Eleven- Sonabank n/k/a Primis Bank

The claim of Sonabank n/k/a Primis Bank will be allowed as a secured claim.  The Debtor intends to pay this claim in full at closing of the Option to PurchaseContract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 12.    Class Twelve- Robert and Carolyn Anderson

The claim of Robert and Carolyn Anderson will be allowed as a secured claim.  The Debtor intends to pay this claim in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. This Class is impaired.

### 13. Class Thirteen – Allowed General Unsecured Claims

Class Eleven consists of all Allowed General Unsecured Claims, not otherwise classified under the Plan. All Allowed General Unsecured Claims in this Class will be paid in full when the Option to Purchase Contract with Heritage Trail Solar, LLC has closed. This Class is impaired.

### 14. Class Fourteen- The interests of the individual Debtor in property of the estate

Not Applicable.

## B.   TREATMENT OF PROPERTY

### 1.   Generally

Estate Property shall be sold in the ordinary course of business. Proceeds will be collected and the funds distributed.

Certain of the Real Property on Exhibit D may be sold to Heritage Trail Solar, LLC. To the extent Heritage Trail Solar, LLC is the purchaser of any of the Debtor's Real Property Interests, such sales will occur pursuant to the terms of a Bankruptcy Court order, granting Heritage Trail Solar, LLC all of the protections afforded a good faith purchaser under Section 363 of the Bankruptcy Code and with the Debtor delivering to Heritage Trail Solar, LLC a general warranty deed at closing. Further such Real Property, if purchased by Heritage Trail Solar, LLC pursuant to the Option to Purchase Contract, will be purchased free and clear of all liens and encumbrances.

## C.   OBJECTIONS TO CLAIMS

Subject to any extensions granted pursuant to further order of the Bankruptcy Court, the Debtor shall on or before sixty (60) days after the Effective Date and to the extent the Debtor disputes liability in whole or part: (a) file and serve any objections to requests for payment of Administrative Expenses, including professional fees, timely filed with the Bankruptcy Court and (b) file and serve any objections to all other Claims. The Debtor may obtain any such extension order without a hearing or notice upon presentation of a proposed order to the Bankruptcy Court. The Debtor shall litigate any objections to Final Order or compromise and settle them in accordance with the Debtor's business judgment.

## VII.   PLAN IMPLEMENTATION

The source of funds for implementing the Plan will be the proceeds from the closing with Heritage Trail Solar, LLC.

## VIII.   INJUNCTIONS

**Except to the extent otherwise provided in the Plan, from and after the Effective Date all persons who have held, hold or may hold Claims against or interests in the Debtor are permanently enjoined from taking any of the following actions against the Debtor on account of any such Claims or interest: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing or attaching, collecting or recovering, in any manner, any judgment, award, decree or order; (c) creating, perfecting or enforcing any Lien or encumbrance; (d) asserting a setoff, right or subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or in inconsistent with the provisions of the**

**Plan; provided, however, that nothing contained herein shall preclude such persons from
exercising their rights pursuant to and consistent with the terms of the Plan.**

### IX.    ALTERNATIVES TO THE PLAN

#### A.    BEST INTEREST OF CREDITORS

The Debtor has proposed a Plan which provides for payment in full of all Claims.  The Debtor
believes that a forced sale of his assets by a Chapter 7 trustee in addition to the fees of the Chapter 7
trustee will result in a lower recovery to creditors.  Accordingly, the Debtor believes the Plan is in the
best interest of creditors and other parties in interest.

#### B.    HYPOTHETICAL LIQUIDATION ANALYSIS

Section 1129(a)(7)(A)(ii) of the Bankruptcy Code requires that Holders of Claims that are
Impaired under the Plan who do not vote for the Plan must receive property under the Plan worth, as of
the Effective Date, at least as much as the amount they would receive if the Debtor liquidated in a
Chapter 7 bankruptcy.  The Debtor believes that the distribution under its Plan is preferable to the
distribution creditors would receive if the Debtor's estate were liquidated under Chapter 7.

In a hypothetical Chapter 7, if estate property has equity, the Chapter 7 Trustee would first
reduce said property to Chapter 7 Proceeds.  The first question a Chapter 7 Trustee would ask is
whether there is sufficient equity in the property to justify his or her administration of the property.  In
making a decision not to abandon the property and instead to administer it, the Chapter 7 Trustee
would have to be confident that he or she could obtain more than the value of the secured claims on the
property after paying the operating costs and costs of sale.

A Chapter 7 Trustee is charged under Bankruptcy Code § 704(1) to perform his or her duties
expeditiously.  If the Chapter 7 Trustee concludes that he or she should liquidate rather than abandon
the property, a Trustee would be under a duty to liquidate the property expeditiously.

Once the Estate Property is liquidated, the Chapter 7 Trustee would then be required to pay the
Chapter 7 Proceeds in the order outlined below.  If the Chapter 7 Proceeds were insufficient to satisfy
each category of Claims, the Chapter 7 Proceeds would be shared pro rata by the claimants in that
category:

1.    The costs of preserving and liquidating the assets;

2.    Allowed Claims secured by the property that was sold, including principal and accrued
interest when the value of the collateral exceeds the amount of the secured claim.  To
the extent that a secured creditor is not paid in full from the sale of its collateral, the
balance of the claim would be an unsecured claim;

3.    The costs and expenses of the Chapter 7 proceeding.  These costs and expenses may
include:

a.    paying professionals to file contested matters with the Bankruptcy Court, to
obtain required approval, to prepare and file income tax returns, to make reports

    to governmental agencies and to perform other acts for which their employment has been approved;

    b.    paying tax liabilities incurred by the estate; and

    c.    paying the expenses and fees of the Chapter 7 Trustee;

4.    Unpaid expenses incurred by the Debtor during the Chapter 11 case, including:

    a.    paying professionals to file contested matters with the Bankruptcy Court, to obtain required approvals, to prepare and file income tax returns, to make reports to governmental agencies and to perform other acts for which their employment has been approved;

    b.    paying tax liabilities incurred by the estate, and

    c.    compensation for the court-approved fees of attorneys and other professionals;

5.    Priority Claims; and

6.    Unsecured Claims, including the unsecured claims arising from the rejection of the Debtor's executory contracts and unexpired leases of business personal property, specifically including damages that would arise pursuant to Heritage Trail Solar, LLC's currently contingent, unliquidated claim.

The Debtor believes that the Plan provides a return to creditors in excess of that which such creditor would receive were the Debtor liquidated under Chapter 7 of the Bankruptcy Code.

## X.    TAX CONSEQUENCES OF THE PLAN

**ACCORDINGLY, EACH CLAIM HOLDER IS URGED TO CONSULT ITS OWN TAX ADVISOR AS TO THE CONSEQUENCES OF THE PLAN TO IT UNDER FEDERAL AND APPLICABLE STATE, LOCAL AND FOREIGN TAX LAWS IF THE CONTRACT WITH HERITAGE TRAIL SOLAR, LLC DOES NOT CLOSE.**

## XI.    CONFIRMATION PROCEDURES

### A.    CONFIRMATION HEARING

The Bankruptcy Code requires the Bankruptcy Court, after notice, to hold a hearing to determine whether a plan of reorganization should be confirmed. A Hearing on Confirmation of the Plan will be scheduled and notice thereof will be circulated in accordance with the Bankruptcy Code and Bankruptcy Rules. The Hearing may be adjourned from time to time by the Court without further notice except for an announcement made at the Hearing.

### B.    OBJECTIONS TO CONFIRMATION

All objections to Confirmation of the Plan will be heard at the Confirmation Hearing. Bankruptcy Rules 3020 and 9014 govern objections to Confirmation of the Plan. Any Objection to

Confirmation of the Plan must be made in writing, filed with the Court and served upon the following parties within seven (7) Business Days before the Hearing on Confirmation:

> Robert A. Canfield, Esquire
> Canfield Wells, LLP
> 4124 E. Parham Road
> Richmond, Virginia 23228
> *Counsel for the Debtor*

> Kathryn R. Montgomery
> Office of the United States Trustee
> 701 E. Broad Street
> Room 4303
> Richmond, VA  23219-1885
> *Assistant United States Trustee*

**UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY FILED AND SERVED, IT WILL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

## C.     REQUIREMENTS FOR CONFIRMATION OF THE PLAN

Statutory Requirements.  At the Confirmation Hearing, the Court must determine whether the Plan meets the requirements for Confirmation set forth in §1129(a) of the Bankruptcy Code.  With the exception of requirement (8), which is discussed below, the Debtor believes that the Plan satisfies all the statutory requirements of § 1129(a) of the Bankruptcy Code.  The requirements of Bankruptcy Code § 1129(a) are as follows:

1.     The Plan complies with the applicable provisions of the Bankruptcy Code.

2.     The proponent of the Plan complies with the applicable provisions of the Bankruptcy Code.

3.     The Plan has been proposed in good faith and not by any means forbidden by law.

4.     Any payment made or to be made by the proponent, the Debtor, or a person issuing securities or acquiring property under the Plan, for services or costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by or is subject to the approval of the Bankruptcy Court as reasonable.

5.     (A)     (i)     the proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor or a successor to the Debtor under the Plan; and

(ii)     the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy, and

(B)     The proponent of the Plan has disclosed the identity of any Insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such

Insider.

6.      Any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor have approved any rate change provided for in the Plan, or such rate changes expressly conditioned on such approval.

7.      With respect to each Impaired Class of Claims or interest:

     (A)      each Holder of a Claim or interest of such class –

          i.      has accepted the Plan; or

          ii.      will receive or retain under the Plan on account of such Claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date; or

     (B)      If Section 1111(b) (2) of the Bankruptcy Code applies to the Claims of such Class, each Holder of a Claim of the Class will receive or retain under the Plan on account of such Claim, Property of a value, as of the Effective Date of the Plan, that it is not less than the value of such Holder's interest in the property that secures such Claims.

8.      With respect to each Class of Claims or interest –

     (A)      the Class has accepted the Plan; or

     (B)      the Class is not Impaired under the Plan.

9.      Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that:

     (A)      with respect to a Claim of a kind specified in §§ 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on the Effective Date of the Plan, the Holder of such Claim will receive on account of such Claim cash equal to the Allowed amount of such Claim;

     (B)      with respect to a Class of claims of a kind specified in §§ 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code, each holder of a claim of such class will receive:

          i.      If such Class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim; or

          ii.      If such Class has not accepted the Plan, cash on the Effective Date of the Plan equal to the Allowed amount of such Claim; and

     (C)      with respect to a Class of a Claim of a kind specified in § 507(a)(8) of the Bankruptcy Code, the holder of such Claim will receive on account of such Claim deferred cash payments, over a period not exceeding six (6) years after the date of assessment of such Claim, of a value, as of the Effective Date of the Plan, equal to the

Allowed amount of such Claim.

10.     If a Class of Claims is Impaired under the Plan, at least one Class of Claims that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any Insider.

11.     Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further reorganization of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

12.     All fees payable under 28 U.S. C. § 1930 as determined by the Bankruptcy Court at the hearing on Confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan.

13.     The Plan provides for the continuation after its effective date of payment of all retiree benefits as that term is defined in § 1114 of the Bankruptcy Code at the level established pursuant to Subsection (e)(1)(B) or (g) of § 1114 of the Bankruptcy Code, at any time prior to confirmation of the Plan, for the duration of the period the Debtor has obligated himself to provide such benefits.

Acceptance of the Plan.  The Bankruptcy Code defines acceptance of a Plan by a class of Claims as acceptance by Holders of at least two-thirds in dollar amount and a majority in number of Claims in that class which actually cast Ballots for acceptance or rejection of the Plan.  Only the classes of Claims which are Impaired under a Plan are entitled to accept or reject the Plan.  A class is "Impaired" if legal, equitable or contractual rights attaching to the Claims or interests in that class are modified.

Non-Acceptance and "Cram Down".  Even if a class of Impaired Claims or interests does not accept the Plan, the Debtor has the right to request that the Plan be confirmed pursuant to § 1129(b) of the Bankruptcy Code, the "Cram Down" provision.  As long as one Impaired class votes in favor of the Plan, the Court may confirm the Plan if the Bankruptcy Court determines that the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to each rejecting class.  A Plan "does not discriminate unfairly" within the meaning of the Bankruptcy Code if no class receives more than it is legally entitled to receive for its Claims and interests.  "Fair and equitable" has different meanings with respect to the treatment of Secured and Unsecured Claims as well as the treatment of Equity.  In general, § 1129(b) establishes that the treatment of classes of Claims and interests is fair and equitable as along as all junior classes are treated in accordance with the "absolute priority" rule which requires that each dissenting class be paid in full before a junior class receive anything under the Plan.

## XII.    VOTING PROCEDURES AND REQUIREMENTS

## A.    CONFIRMATION THROUGH VOTING

The Bankruptcy Court will confirm the Plan only if all of the requirements of § 1129 of the Bankruptcy Code are met. Among the requirements for Confirmation are that the Plan (i) is accepted by all Impaired classes of Claims entitled to vote or, if rejected by an Impaired class, that the Plan "does not discriminate unfairly" and is "fair and equitable" as to such class and as to the Impaired classes of Claims and Equity Interests that are deemed to reject the Plan, (ii) is feasible and (iii) is in the "best interests" of the Holders of Claims and Equity interests impaired under the Plan.

**B.    BALLOTS**

Creditors entitled to vote will receive Ballots on which to record their acceptances or rejections of the Plan.  Ballots will be distributed for each Debtor.  To the extent necessary and/or appropriate, the Debtor may request at the Confirmation Hearing that a Ballot received in the case of a particular Debtor be deemed allowed in the case of another Debtor.  Under these circumstances, the Debtor will present evidence at the Confirmation Hearing demonstrating why the Debtor believes its request is necessary and appropriate.

You must complete your Ballot and return it to counsel for the Debtor, who will tally the votes and report the results to the Court at the Hearing on Confirmation of the Plan.  Please complete the Ballot sent to you with this Disclosure Statement, sign the original, and return it to counsel for the Debtor.  **If no members of a class tender a vote, that class will be deemed to accept their treatment.**

**C.    ENTITLEMENT TO VOTE**

A Holder of a Claim against the Debtor is entitled to vote to accept or reject the Plan only if:
(1)    The Bankruptcy Court has not previously disallowed the claim;
(2)    The Claim is Impaired under the Plan; and
(3)    The Claim is not of a class that is deemed to have rejected the Plan pursuant to § 1126(g) of the Bankruptcy Code;
and either:

a.    The Debtor has not scheduled the Claim as being Disputed, Contingent or Unliquidated; or
b.    The Holder of the Claim has filed a Proof of Claim or interest on or before the last date set by the Bankruptcy Court for such filing.

Any Claim to which an objection has been filed is not entitled to vote unless the Bankruptcy Court temporarily allows such Claim in an amount that it deems proper for the purpose of voting on the Plan. In addition, a vote may be disregarded if the Bankruptcy Court determines that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

**D.    EFFECT OF FAILURE TO VOTE**

If a creditor or Holder of an interest does not return a fully completed Ballot within the specified time to the Debtor's attorneys, neither the creditor nor the amount of its Claim or the amount of the Holder's interest is counted to determine acceptance or rejection of the Plan.  If you are entitled to vote and do not, the Ballots will be tallied as though you do not exist.  **If no members of a class tender a vote, that Class will be deemed to accept their treatment.**

### XIII.   CONCLUSION

The Debtor believes that the Plan is in the best interest of all creditors.  Accordingly, the Debtor urges Holders of Impaired Claims to vote to accept the Plan and to return their Ballots with all due speed.

DATED: October 27, 2021

LEWIS E. WILKERSON, JR.

By:_____/s/ Lewis E. Wilkerson, Jr.
                Debtor

By:_/s/  Robert A. Canfield
Robert A. Canfield, #16901
Canfield Wells, LLP
4124 E. Parham Road
Richmond, Virginia 23228
☎ 804-673-6600
🖷 804-673-6604
*Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEWIS E. WILKERSON, JR., | ) | |
| | ) | Bankruptcy Case No. 20-34576-KLP |
| Debtor. | ) | |
| | ) | |

<u>**LEWIS E. WILKERSON, JR. PLAN OF REORGANIZATION**</u>
<u>**DATED          ,2021**</u>

**Background and History of Debtor**

**A.    Description and History of the Debtor's Business:**

Lewis E. Wilkerson, Jr. has been a resident of Keysville, Virginia in Prince Edward County for 17 years.  He is 60 years old.  He was involved in a several businesses, including trucking and lumber.  He contracted a debilitating disease that affects his joints and is must use canes or a wheelchair to be ambulatory.  He is no longer able to be gainfully employed or operate his business as a result of his disease.  He has been married for 24 years.

In August of 2020, the Debtor[1] entered into an Option to Purchase Contract and in June of 2021, the Debtor entered into the Option to Purchase Contract Amendment (collectively, with the Option to Purchase Contract, hereinafter, the "Option to Purchase Contract").  The transaction contemplated by the Option to Purchase Contract, if consummated, will result in the Debtor selling his interest in certain parcels of real estate to Heritage Solar, LLC free and clear of all liens and encumbrances with the Debtor delivering to Heritage Trail Solar, LLC a general warranty deed for such parcels at the time of closing.  The transaction is expected to close within thirty (30) days of Heritage Trail Solar, LLC exercising the Option to Purchase, with the latest closing date being thirty (30) days after the end of the Option Period, August 31, 2023, or through that date, which can be extended for an additional six (6) months on notice to the Debtor by Heritage Trail Solar, LLC.

During the Option Period, Diode and Heritage have conducted and will continue to conduct studies on the real property subject to the Option to Purchase Contract for solar and electric transmission connection viability.  Such studies include environmental studies and transmission generation interconnection studies to determine when a solar project, potentially built on the real

Robert A. Canfield, VSB No. 16901
CANFIELD WELLS, LLP
4124 E Parham Road
Richmond, Virginia 23228
Telephone: (804) 673-6600
Facsimile: (804) 673-6604
*Counsel for Debtor*

---

[1] Capitalized terms used but not defined herein shall have the definitions ascribed to them in the Amended Disclosure Statement.

EXHIBIT
A

property subject to the Option to Purchase Contract, could be interconnected to the electricity grid; these studies, which have not been finalized yet, will also project the cost for such interconnection to the electricity grid.  If Heritage Trail Solar, LLC and Diode Ventures, LLC obtain proper and favorable studies, reports, permits, etc., the  Option to Purchase Contract is anticipated to close within the Option Period,  within the timeframe the Debtor intends to pay all secured creditors with liens on the subject real property in full at the closing, and to deliver to Heritage Trail Solar, LLC title to the subject real property free and clear of all liens and encumbrances with a conveyance by general warranty deed.

The Debtor intends by this Plan and the order confirming the Plan to have the  Option to Purchase Contract Amendment approved and ratified by this Court *nunc pro tunc* to the June 9, 2021, in all respects.  The Debtor intends to be fully bound by the  Option to Purchase Contract and  Option to Purchase Contract Amendment, assuming, without amendment or modification the Option to Purchase Contract and  Option to Purchase Contract Amendment upon entry of the order confirming this Plan.  Further, the Debtor intends, at the time the parties to the  Option to Purchase Contract are prepared to consummate the subject transaction, to ask the Court to enter a separate, stand-alone order approving such sale pursuant to the Option to Purchase Contract , which order will include all of the protections of section 363 for Heritage Trail Solar, LLC, as the purchaser under the Option to Purchase Contract which order will require the Debtor to deliver to Heritage Trail Solar, LLC a general warranty deed for the subject real property

**B.    Liquidation Analysis:**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a chapter 7 liquidation. The Debtor's unsecured creditors would receive 100% in a Chapter 7 proceeding.

**C.    Ability to Make Future Plan Payments and Operate Without Further Reorganization:**

The Debtor intends to pay all of his secured creditors in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Lewis E. Wilkerson, Jr. (the "Debtor") from the sale of the Debtor's assets, including the sale of certain of the Debtor's Real Property (as indicated in Exhibit D of the Disclosure Statement) pursuant to the  Option to Purchase Contract with Heritage Trail Solar, LLC. This Plan provides for, two (2) classes of priority claims; ten (10) classes of secured claims; one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the Debtor of this Plan has valued at approximately 100 cents on the dollar.  This Plan also provides for the payment of all administrative claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  **Your rights may be affected.  You should read these papers**

carefully and discuss them with your attorney, if you have one. (If you do not have an
attorney, you may wish to consult one.)

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.        The secured and priority claim of Internal Revenue Service in the
                        amount of $424,446.71 is entitled to priority under § 507 of the Code
                        (except administrative expense claims under § 507(a)(2).

2.02    Class 2.        The secured and priority claim of the Charlotte County Treasurer in
                        the amount of $25,821.01 is entitled to priority under § 507 of the
                        Code (except administrative expense claims under § 507(a)(2).

2.03    Class 3.        The claim of Home Loan Investment Bank, FSB, to the extent as a
                        secured claim under § 506 of the Code.

2.04    Class 4.        The claim of Essex Bank, whether allowed as secured, partially
                        secured or unsecured.

2.05    Class 5.        The claim of The Farmers Bank of Appomattox, to the extent as a
                        secured claim under § 506 of the Code.

2.06    Class 6.        The claim of Citizens Bank, N.A., to the extent as a secured claim
                        under § 506 of the Code.

2.07    Class 7.        The claim of AmeriCredit Financial Services, Inc. d/b/a GM
                        Financial, to the extent as a secured claim under § 506 of the Code.

2.08    Class 8.        The claim of Flaminia Investments, LLC, to the extent as a secured
                        claim under § 506 of the Code.

2.09    Class 9.        The claim of Forethought Life Insurance Company
                        c/o Select Portfolio Servicing, Inc., to the extent as a secured claim
                        under § 506 of the Code.

2.10    Class 10.       The claim of The Carrington Co., LLC, to the extent as a secured
                        claim under § 506 of the Code.

2.11    Class 11.       The claim of Sonabank n/k/a Primis Bank, to the extent as a secured
                        claim under § 506 of the Code.

2.12    Class 12.       The claim of Robert and Carolyn Anderson, to the extent as a secured
                        claim under § 506 of the Code.

2.13    Class 13.        All other non-priority unsecured claims allowed under § 502 of the Code. The list of unsecured creditors is attached as **Exhibit A.**

2.14    Class 14 .      The interests of the individual Debtor in property of the estate.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  N/A

3.02    Administrative Expense Claims. Kathryn Montgomery, Assistant United States Trustee shall be paid as an administrative expense claim allowed under § 503 of the Code. Canfield Wells, LLP will be paid its allowed administrative claim out of the funds it currently holds and out of future property over the period of the Plan.

3.03    Priority Tax Claims.   Each holder of a propriety tax claim will be paid in full  at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.

3.04    Statutory Fees.   N/A

3.05    Prospective Quarterly Fees.  N/A

### ARTICLE IV
### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 - Priority Claim: Internal Revenue Service | Impaired. | Will pay the secured and priority claim in full, as filed and allowed, together with applicable interest upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. |
| Class 2- Priority Claim: Charlotte County Treasurer | Impaired | Will pay the secured and priority claim in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 3 – Home Loan Investment Bank, FSB | Impaired. | Will be paid upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 4- Essex Bank | Impaired. | The claim of Essex Bank shall be paid in full, with interest at the contract rate, upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC , if not before. In addition, notwithstanding any other terms or provisions of the Plan, any applicable injunction shall not apply to Essex Bank or limit in any way any of its rights or interests and all amounts owed by the Debtor to Essex Bank in accordance with the promissory note giving rise to Essex Bank's claim shall not be discharged under any scenario and shall be treated as a non-dischargeable debt of the Debtor to Essex Bank under Section 523 (a) of the Bankruptcy Code, notwithstanding any default that may occur under this Plan, the conversion of this bankruptcy case to a bankruptcy case under any other chapter, any request for relief sought by the Debtor under Section 1141(d)(5)(C) of the Bankruptcy Code, a subsequently filed bankruptcy case or otherwise. |
| Class 5- The Farmers Bank of Appomattox | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 6- Citizens Bank, N.A. | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 7 - AmeriCredit Financial Services, Inc. d/b/a GM Financial | Impaired. | Debtor returned collateral in full satisfaction of the claim. |
| Class 8 - Flaminia Investments, LLC | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 9- Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc. | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 10- The Carrington Co., LLC | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 11- Sonabank n/k/a Primis Bank | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |

5

6

| Class 12- Robert and Carolyn Anderson | Impaired | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 13- General Unsecured Creditors | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. |
| Class 14- The interests of the individual Debtor in property of the estate | | Not Applicable. |

4.02    Bar Date. **March 17, 2021**

Any Claim in existence as of the Petition Date that is not scheduled by the respective Debtor, or that is scheduled as contingent, unliquidated, or disputed, or that varies in amount nature or priority from that stated in the respective Debtor's Schedules, must have been asserted, if at all, by filing of a Proof of Claim with the Bankruptcy Court on or before March 17, 2021. **Absent further order of the Bankruptcy Court, the failure to file a Proof of Claim by the Claims Bar Date of March 17, 2021 shall constitute a bar against the assertion or collection of any such Claim, and shall relieve the Debtor from any liability, responsibility, or obligation with respect to such Claim. The Debtor shall not be required to file any objection in order to confirm or determine the disallowance of any late-filed proof of claim.**

For the avoidance of doubt, numerous parties sought and obtained extensions of the March 17, 2021 bar date to file pre-petition claims, for various reasons. The orders entered in response to such motions shall govern the bar dates for such claimants. The Plan and order confirming the Plan will not disturb those prior Bankruptcy Court orders.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. The Debtor disputes Claim No. 33 filed by Robert Dixon, as the Debtor is not indebted to Robert Dixon. An adversary proceeding with the case number 21-03008 is in the process in the United States Bankruptcy Court with a trial being held on October 27, 2021. A motion was filed by Counsel for Plaintiff on October 25, 2021 to have the trial continued to a later date.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.  The Debtor's bankruptcy schedules list an Executory Contract, the Option to Purchase Contract with Diode Ventures, LLC, which, subject to Court approval in the plan confirmation order, has been amended by the  Option to Purchase Contract Amendment, which makes Heritage Trail Solar, LLC the developer. Upon entry of the Plan confirmation order, the Option to Purchase Contract and the Option to Purchase Contract Amendment will be assumed in full, without amendment, by the Debtor, pursuant to the requirements of section 365 of the Bankruptcy Code. A copy of amendment to the contract is attached as **Exhibit B**. The Debtor further intends to obtain court approval authorizing the sale of the Debtor's real estate subject to the terms of the Option to Purchase Contract and the Amended Option to Purchase Contract with Heritage Trail Solar, LLC so as to provide Heritage Trail Solar, LLC with free and clear title to the real property in the form of a general warranty deed, and including all of the Bankruptcy Code section 363 benefits that can be bestowed upon a buyer of estate assets.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Lewis E. Wilkerson, Jr. intends to pay all secured creditors in full at the closing of the sale pursuant to the Option to Purchase Contract with Heritage Trail Solar, LLC. Any and all liens thereon attached to the subject parcels included in the sale to Heritage Trail Solar, LLC will attach to the proceeds of the sale and be paid in full and satisfied at closing of the sale of the subject real estate, such that the Debtor will provide Heritage Trail Solar, LLC with free and clear title to the subject property.  The Debtor has already sold two (2) properties unrelated to the aforementioned Option to Purchase Contract that had  liens  against them benefitting the Debtor's largest creditor, Home Loan Investment Bank, FSB, which has received approximately $538,000.00 towards the debt owed on its lien.  The Debtor has returned a truck to AmeriCredit Financial Services, Inc., d/b/a GM Financial. A 2016 GMC Sierra truck was returned to AmeriCredit Financial Services, Inc., d/b/a GM Financial also.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction.</u>  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    <u>Effective Date of Plan</u>. The effective date of this Plan, as "effective date" is used in Chapter 11 of the Bankruptcy Code, shall be ten (10) days after the closing of the sale contemplated in the  Option to Purchase Contract with Heritage Trail Solar, LLC.

8.03    <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

On the Effective Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## RETENTION OF JURISDICTION

Under Bankruptcy Code §§ 105(a) and 1142, and notwithstanding entry of the Confirmation Order, substantial consummation of this Plan and occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

A.    Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the determination of requests for the payment of claims entitled to priority under Bankruptcy Code § 507(a)(1), including compensation of any reimbursement of expenses of parties entitled thereto;

B.    Hear and determine all applications for compensation and reimbursement of expenses of Professionals under this Plan or under Bankruptcy Code §§ 330, 331, 503(b), 1103, and 1129(a)(4); provided, however, that from and after the Effective Date, the payment of the fees and expenses of the retained Professionals of the Debtor shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

C.    Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to

9

which a Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

D.      Effectuate performance of and payments under the provisions of this Plan;

E.      Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under or related to the Chapter 11 Case, this Plan, or any Plan Document;

F.      Enter such orders as may be necessary or appropriate to execute, implement or consummate the provisions of this Plan, including, but not limited to, an order approving the sale of assets free and clear to Heritage Trail Solar, LLC pursuant to the Option to Purchase Contract and the Option to Purchase Contract Amendment, and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

G.      Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of this Plan, including disputes arising under agreements, documents or instruments executed in connection with this Plan;

H.      Consider any modifications of this Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

I.      Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, consummation, or enforcement of this Plan or the Confirmation Order;

J.      Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

K.      Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Case;

L.      Except as otherwise limited herein, recover all Assets of the Debtor and property of the Estate, wherever located;

M.      Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505 and 1146;

N.      Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

O.    Hear and determine any Causes of Action;

P.    Hear and determine all disputes involving the existence, nature, or scope of the injunctions, indemnification, exculpation, and releases granted pursuant to this Plan;

Q.    Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

R.    Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

S.    Enforce all orders previously entered by the Bankruptcy Court;

T.    Dismiss any and/or all of the Chapter 11 Cases; and

U.    Enter a final decree closing any and/or all of the Chapter 11 Cases.

Respectfully submitted,

By: /s/ _____
         The Plan Proponent

By: /s/ _____
         Attorney for the Plan Proponent

DocuSign Envelope ID: 09910484-5AF6-4FEC-9166-380A01084918

## AMENDMENT

### TO

### REAL ESTATE PURCHASE OPTION AGREEMENT

This Amendment ("Amendment") is entered into effective as of the 9th day June 2021, by and between Lewis E. Wilkerson, Lewis E. Wilkerson, Jr. and Lewis E. Wilkerson Jr. and Dawn H. Wilkerson (collectively "Owner"), and Diode Ventures, LLC, a Kansas limited liability company (" Original Developer") and Heritage Trail Solar, LLC, a Virginia limited liability company ("Replacement Developer") herein after known as ("Parties").

### RECITALS

A. Owner and Original Developer are parties to the Real Estate Purchase Option Agreement dated August 31, 2020 (the "Agreement").

B. After execution of the Agreement, Original Developer reviewed the vesting deeds of the Owner and discovered that the parcels subject to this Agreement are held either in the sole name of Lewis E. Wilkerson, Jr. or held jointly by Lewis E. Wilkerson, Jr. and Dawn H. Wilkerson. None of the parcels subject to this Agreement are held in the sole name of Lewis E. Wilkerson.

C. Replacement Developer was recently created as a wholly owned entity of Diode Ventures, LLC for the purpose of entering into this Agreement and other project-related contracts and matters for this site.

D. Therefore, the parties desire to amend the Agreement by deleting the name of Lewis E. Wilkerson as an Owner as well as replacing Original Developer with Replacement Developer as provided in this Amendment.

### AGREEMENT

In consideration of the foregoing and the mutual promises contained herein, the Parties hereby agree as follows:

1. Preamble of Agreement. The first sentence of the Agreement preamble is hereby deleted and replaced with the following:

"This Real Estate Purchase Option Agreement ("Agreement") is made and entered into as of this 31st day of August 2020 ("Effective Date") by and between Lewis E. Wilkerson, Jr. and Lewis E. Wilkerson Jr. and Dawn H. Wilkerson (collectively "Owner"), and Heritage Trail Solar, LLC, a Virginia limited liability company ("Developer")."

2. Owner Signature Block. The Owner signature block shall be amended to delete the signatory of Lewis E. Wilkerson.

3. Developer Signature Block. The Developer signature block shall be amended to replace "Diode Ventures, LLC" with "Heritage Trail Solar, LLC."



EXHIBIT

B

DocuSign Envelope ID: 09910484-5AF6-4FEC-9166-380A01084918

4. <u>Other References.</u> In all other cases in the Agreement where the "Developer" is referenced as "Diode Ventures, LLC," such references shall be deemed to be replaced with and mean "Heritage Trail Solar, LLC."

5. <u>Remaining Terms and Conditions.</u> All other terms, conditions and provisions of the Agreement which are not otherwise altered affected or impacted by the terms, conditions and provisions contained herein, shall remain in full force and effect.

6. <u>Counterparts; Signatures</u>. This Amendment may be executed in two or more counterparts and by different parties on separate counterparts, all of which shall be considered one and the same agreement and each of which shall be deemed an original. For purposes of this Amendment, use of a facsimile, e-mail, or other electronic medium shall have the same force and effect as an original signature.

2

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed and delivered by their authorized representatives as of the date first set forth above.

**OWNER:**

Lewis E. Wilkerson, Jr.

By:

Sole Owner

Lewis E. Wilkerson, Jr.

By:

Joint Owner

Dawn H. Wilkerson

By:

Joint Owner

3

DocuSign Envelope ID: 09910484-5AF6-4FEC-9166-380A01084918

**ORIGINAL DEVELOPER:**

DIODE VENTURES, LLC

By: _____ *Bradley Hardin*

Bradley Hardin

President

EB

**REPLACEMENT DEVELOPER:**

HERITAGE TRAIL SOLAR, LLC

By: _____ *Bradley Hardin*

Bradley Hardin, President Diode Ventures, LLC

Sole Member of Heritage Trail Solar, LLC

4

Case 20-34576-KLP    Doc 100    Filed 03/25/21    Entered 03/25/21 14:23:02    Desc Main
Document      Page 10 of 51

Debtor 1    Lewis E. Wilkerson, Jr.                                        Case number (if known)  20-34576

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **GMC** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1  Make: **GMC**
Model: **Yukon Denali**
Year: **2019**
Approximate mileage: **32000**
Other information:
**Vehicle**

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$52,655.00                              $52,655.00

---

3.2  Make: **Western Star**
Model:
Year: **2016**
Approximate mileage:
Other information:
**wrecked**

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$1.00                                   $1.00

---

3.3  Make: **GMC**
Model: **Sierra**
Year: **2017**
Approximate mileage: **30000**
Other information:
**-2729**

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$17,888.00                              $17,888.00

---

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.............................................➡    $70,544.00

**Part 3:  Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| Housewares, Kitchen Appliances, Beds, Sofas, End Tables, 2 TVs, DVD Player, Lamps, Night Stand, Dressers, Tables & Chairs, Lawn Furniture, Mower | $1,000.00 |
|---|---|

Official Form 106A/B                  Schedule A/B: Property

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

**EXHIBIT
C**

Debtor 1   Lewis E. Wilkerson, Jr.                                    Case number *(if known)*   20-34576

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

☑ Yes. Describe.....

| TVs, Cell Phone, Computer | | $750.00 |
|---|---|---|

### 8. Collectibles of value
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No

☑ Yes. Describe.....

| Family Pictures | | $50.00 |
|---|---|---|

### 9. Equipment for sports and hobbies
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No

☐ Yes. Describe.....

### 10. Firearms
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No

☑ Yes. Describe.....

| Smith & Wesson .357 Magnum, Taurus XL267833, Remington 270 66425615 | | $600.00 |
|---|---|---|

### 11. Clothes
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

☑ Yes. Describe.....

| Clothing | | $300.00 |
|---|---|---|

### 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ No

☐ Yes. Describe.....

### 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses

☐ No

☑ Yes. Describe.....

| 3 Dogs & 3 Cats | | $75.00 |
|---|---|---|

### 14. Any other personal and household items you did not already list, including any health aids you did not list

☐ No

☑ Yes. Give specific information.....

| Any interest in property that the Debtor acquires or becomes entitled to acquire within 180 days of the filing of his/her petition in bankruptcy by bequest, devise or inheritance as a result of a property settlement agreement or of a divorce decree; or as beneficiary of a life insurance policy or of a death benefit plan. | | $1.00 |
|---|---|---|

Debtor 1    Lewis E. Wilkerson, Jr.                                    Case number *(if known)*   20-34576

---

15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here ................................................................................    $2,776.00

---

**Part 4:   Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

16. **Cash**
*Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition*
☐ No
■ Yes.........................................................................

Cash        $100.00

---

17. **Deposits of money**
*Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
institutions. If you have multiple accounts with the same institution, list each.*
☐ No
■ Yes.........................    Institution name:

17.1.  **Checking**   **Checking Account - Bank of Charlotte County**
-1318        $1,000.00

---

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples: Bond funds, investment accounts with brokerage firms, money market accounts*
■ No
☐ Yes..................    Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
joint venture**
☐ No
■ Yes.  Give specific information about them...................
Name of entity:        % of ownership:

**WST Products, LLC**        100    %        $1.00

**BB&D Products, LLC**        50    %        $1.00

**DER, LLC**        50    %        $1.00

**Prince Edward Investors, LLC**        100    %        $1.00

---

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.
Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.*
■ No
☐ Yes. Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans*
■ No
☐ Yes. List each account separately.
Type of account:        Institution name:

---

Official Form 106A/B                    Schedule A/B: Property                                    page 9

LIENS HELD BY HOME LOAN INVESTMENT BANK
ONE HOME LOAN PLAZA
WARWICK, RI 02886

## PRINCE EDWARD COUNTY, VA

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 111-A-2B | 3.580 | POLLARD | $10,700.00 |
| 111-A-3 | 117.580 | MCGEHEE | $122,600.00 |
| 120-A-1 | 397.730 | XXXXXX | $514,000.00 |
| 120-A-7 | 8.900 | BRIERY | $73,200.00 |
| 120-A-8 | 4.400 | BRIERY | $4,000.00 |
| 120-A-20 | 11.910 | BOOKER | $11,900.00 |
| 120-A-21 | 134.250 | BRIERY | $188,200.00 |
| 120-A-29 | 48.760 | RUTLEDGE | $47,800.00 |
| 120-A-42 | 25.00 +/- | SIMPLICITY | $84,000.00 |
| 120-A-46 | 276.470 | REDD TR 8 | $274,900.00 |
| 121-A-9 | 155.200 | JONES | $169,000.00 |
| 120-A-6 | 19.750 | BRIERY | $19,500.00 |
| 120-A-2 | 55.880 | JONES | $55,000.00 |
| 120-A-3 | 13.770 | BRIERY | $13,000.00 |
| 120-A-4 | 1.110 | LEATHERWOOD | $1,100.00 |
| 120-A-5 | 2.100 | BRIERY | $2,000.00 |
| 112-A-19A | 485.980 | BRIERY | $486,000.00 |
| 112-5-3 | 58.070 | PARCEL 3 BUSH RIVER | $141,500.00 |
| 112-5-3A | 2.500 | XXXXXX | XXXXXX |
| 112-5-4 | 10.000 | BUSH RIVER EST PARCEL 4 | $34,600.00 |
| 112-A-40 | 111.170 | JONES | $311,800.00 |
| 120-A-41 | 10.460 | POWELL | $50,700.00 |
| 120-1-1 | 10.460 | CP SUBDIVISION LOT 1 | $30,900.00 |
| 120-1-2 | 10.940 | CP SUBDIVISION LOT 2 | $31,900.00 |
| 120-1-3 | 7.580 | CP SUBDIVISION LOT 3 | $25,100.00 |
| 120-1-4 | 9.980 | CP SUBDIVISION LOT 4 | $30,000.00 |
| 120-1-5 | 8.970 | CP SUBDIVISION LOT 5 | $27,900.00 |
| 120-1-6 | 8.050 | CP SUBDIVISION LOT 6 | $26,100.00 |
| 120-1-7 | 8.010 | CP SUBDIVISION LOT 7 | $26,000.00 |
| 120-1-8 | 9.220 | CP SUBDIVISION LOT 8 | $28,400.00 |
| 120-1-9 | 11.010 | CP SUBDIVISION LOT 9 | $32,000.00 |
| 120-A-15 | 10.296 | MCGEHEE/OUR HOUSE | $249,000.00 |
| 120-A-12 | 2.000 | N/A | $52,000.00 |

## CHARLOTTE COUNTY, VA

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 040-A-89 | 27.50 | DB 405/531 EUREKA | $33,040.00 |
| 041-A-8 | 68.08 | DB 405/531 SPRING CK | $78,842.00 |
| 040-A-89A | 20.71 | DB 405/531 ALSO 40(A) | |
| | | 89E EUREKA | $50,333.00 |
| 043-A-4-15 | 21.90 | DB 370/469 | $52,980.00 |
| 043-A-4-9 | 0.00 | DB 370/469 | |
| | | LOTS 9 & 10 | $9,000.00 |
| 040-A-89-B | 1.40 | DB 405/531 SPRING CK | $2,800.00 |
| 040-A-89-D | 2.41 | DB 405/531 | $2,895.00 |
| 043-A-4-11 | 0.00 | DB 370/469 | |
| | | LOTS 11-14 | $19,000.00 |



EXHIBIT
D

**Other Secured Creditors who hold liens on Debtor's property- CONT'**

*IRS has a blanket lien on real estate owned by Debtor.

**Robert & Carolyn Anderson: Deed of Trust dated October 31, 2019**

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 120-A-15 | 10.296 | MCGEHEE HOUSE | $249,000.00 |
| 120-A-7 | 8.9 | BRIERY | $73,200.00 |
| 120-A-8 | 4.4 | BRIERY | $4,400.00 |

**Forethought Life Insurance Company: Deed of Trust dated May 7, 2007**

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 120-A-1 | 397.73 | N/A | $514,000.00 |

**The Farmers Bank of Appomattox: Deed of Trust dated September 28, 2011**

| Pro | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 120-A-7 | 8.9 | BRIERY | $73,200.00 |
| 120-A-8 | 4.4 | BRIERY | $4,400.00 |

**Flaminia Investments, LLC: Deed of Trust dated October 7, 2019**

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 120-A-2 | 55.88 | JONES | $55,000.00 |
| 120-A-3 | 13.77 | BRIERY | $13,000 |
| 120-A-4 | 1.11 | LEATHERWOOD | $1,100.00 |
| 120-A-5 | 2.1 | BRIERY | $2,000.00 |
| 120-A-6 | 19.75 | BRIERY | $19,500.00 |
| 112-5-3 | 58.07 | BUSH RIVER | $141,500.00 |

**The Carrington Co., LLC: Deed of Trust dated April 1, 2011**

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 112-5-3 | 58.07 | BUSH RIVER | $141,500.00 |

**Sonabank n/k/a Primis Bank: Judgment lien dated July 2, 2021**

| TAX ID NUMBER | ACRES | DESCRIPTION | VALUE |
|---|---|---|---|
| 120-A-1 | 397.73 | N/A | $514,000.00 |

Ally Financial
P.O. Box 380902
Minneapolis, MN 55438

American Express
PO Box 650448
Dallas, TX 75265

American Express
c/o Becket & Lee, LLP
PO Box 3001
Malvern, PA  19355-0701

Apple Advance Corp
c/o Jonathan A. Berkowitz, Esq.
712 US Hwy 1, #400
North Palm Beach, FL  33408

Apple Advance Corp
c/o Alan D. Eisler
Eisler Hamilton, LLC
1 Research Court, Suite 450
Rockville, MD  20850

Arc3 Gases
PO Box 26269
Richmond, VA 23260

ARM Solutions, Inc
PO Box 2929
Camarillo, CA 93011

Bank of America
PO Box 982238
El Paso, TX 79998

Bank of Charlotte County
PO Box 336
Phenix, VA 23959

Bank of Charlotte County
PO Box 2711
Omaha, NE 68103-2711

Bank of the West
PO Box 2078
Omaha, NE 68103-2078

Bank of the West
2527 Camino Ramon
San Ramon, CA  94583-4213

Barclay's Juniper MC
PO Box 13337
Philadelphia, PA 19101-0000

BMO Transportation Finance
BMO Harris Bank NA
PO Box 71951
Chicago, IL 60694-1951

BMO Harris Bank
PO Box 3040
Cedar Rapids, IA 5206-3040

Can Capital, Inc.
WebBank c/o Can Capital
2015 Vaughan Rd, NW, Bldg 500
Kennesaw, GA 30144

Capital One
PO Box 71083
Charlotte, NC 28272

Capital One Bank/American InfoS
4515 N. Santa Fe Ave
Oklahoma City, OK 73118-7901

Carter Machinery Co, Inc.
PO Box 751053
Charlotte, NC 28275-1053

Carter Machinery Co.
c/o Crenshaw, Ware & Martin
150 W. Main St, #1500
Norfolk, VA  23510-3403

CAT Commercial Revolving Card
Dept. 33-8025507039
PO Box 78004
Phoenix, AZ 85062

Caterpillar Financial SvcsCorp
2120 West End Ave.
Nashville, TN 37203

CFS Group
PO Box 580203
Charlotte, NC 28258-0203

Citizens Bank N.A.
One Citizens Bank Way
JCA115
Johnston, Rhode Island 02919

Citizens Bank NA
PO Box 255587
Sacramento, CA 95865

Citizens Bank NA
c/o Carl Eason, Esq.
Wolcott Rivers Gates
200 Bendix Rd, Ste 300
Virginia Beach, VA 23452

Colony Tire Corp #33
2900 Deepwater Terminal
Richmond, VA 23234

Cumberland State Forest
State Forester of Va
751 Oak Hill Road
Cumberland, VA 23040

Daimler Truck Financial
14372 Heritage Parkway
Fort Worth, TX 76177

David J. & Pat Smith
56 Wexford Club Drive
Hilton Head Island, SC 29928

Dawn H. Wilkerson
390 Maple Road
Keysville, VA 23947

De Lage Landen Financial Svcs
PO Box 41602
Philadelphia, PA 19101

De Lage Landen Financial
Attn: Litigation & Recovery
1111 Old Eagle School Rd
Wayne, PA  19087-1453

Essex Bank
9954 Mayland Drive, Ste 2100
Henrico, VA 23233

Essex Bank
c/o Kutak Rock
Michael A.Condyles
901 E. Byrd St, #1000
Richmond, VA  23219-4071

Everest Business Funding
8200 NW 52nd Terrace, 2nd Fl.
Doral, FL  33166

Farmers Bank of Appomattox
PO Box 216
Appomattox, VA 24522

Flaminia Investments, LLC
2610 Business Drive
Cumming, GA 30028

Flaminia Investments, LLC
c/o Smart, Day, & Gilman
1047 Vista Park Dr, Ste D
Forest, VA  24551

FNB Equipment
1853 Highway 315
Pittston, PA 18640

Forethought Life Insurance
c/o Mary F. Balthasar Lake
LOGS LEGAL GROUP LLC
10021 Balls Ford Road, Ste. 200
Manassas, Virginia 20109

Forethought Life Insurance
c/o Select Portfolio Svc
PO Box 65250
Salt Lake City, UT  84165-0250

Fred C. & Jane E. Howell
104 Clopton Court
Lynchburg, VA 24503

Americredit Financial dba
GM Financial
PO Box 183853
Arlington, TX 76096

Hancock Natural Resource Group
197 Clarendon St C-08-99
Boston, MA 02116

Home Loan Investment Bank
1 Home Loan Plaza
Warwick, RI 02886

Home Loan Investment Bank, FSB
c/o Samuel I. White, PC
596 Lynnhaven Parkway, Ste 200
Virginia Beach, VA 23452

Internal Revenue Service
P.O.Box 7346
Philadelphia, PA 19101

IPFS Corporation
PO Box 412086
Kansas City, MO 64141

Knight Capital Funding
9 E. Loockerman St, #202-543
Dover, DE 19901

Mercedes Benz Financial
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Paccar Financial
PO Box 1518
Bellevue, WA 98009-1518

Parker Fuel Freedom
PO Box 142
South Hill, VA 23970

Parker Oil & Propane
617 S. Main St
Chase City, VA 23924

Parker Oil & Propane
2000 W. Third St
Farmville, VA 23901

Robert E. Dixon
c/o FlorenceGordanBrown, P.C.
901 East Cary Street
Richmond, VA 23219

Robert E. Dixon
c/o W.R. Baldwin, III
5600 Grove Ave
Richmond, VA  23226-2102

Robert M. Anderson
Carolyn Kincaid-Anderson
4103 Forest Circle
Richmond, VA  23225

SelectPortfolio Servicing, Inc
PO Box 65450
Salt Lake City, UT 84165

SonaBank
P.O. Box 2075
Ashland, VA 23005

Spartan Capital Funding, LLC
Thomson Ollunga, LLP
845 Third Ave, 6th Floor
New York, NY  10022

Spartan Capital Funding, LLC
104 E. 25th St, 10th Floor
New York, NY 10010

SwiftFinancial,LLC/Loanbuilder
a PayPal service
3505 Silverside Road
Wilmington, DE 19810

The Carrington Co., LLC
203 Archway Court
Lynchburg, VA 24502

Timbervest Partners III VA
c/o Thompson McMullan, P.C.
100 Shockoe Slip. Third Floor
Richmond, VA 23219

Truck Enterprises, Inc.
3440 S. Main Street
Harrisonburg, VA 22801

Union Funding Source
c/o Maurice Wutscher LLP
23611 Chagrin Blvd. Suite 207
Beachwood, OH 44122-5540

Unique Funding Solutions
71 S. Central Avenue
Valley Stream, NY  11580

Universal Platinum Fleet Progr
PO Box 1239
Covington, LA 70434

Verizon
PO Box 16801
Newark, NJ 07101

Verizon Connect Fleetmatics
1 Verizon Way
Basking Ridge, NJ 07920-1097

Wells Fargo
PO Box 77053
Minneapolis, MN 55480

Wells Fargo Bank/Card Svcs
PO Box 10438, MAC F8235-02F
Des Moines, IA  50306-0438