UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEWIS E. WILKERSON, JR., | ) | |
| | ) | Bankruptcy Case No. 20-34576-KLP |
| Debtor. | ) | |
| | ) | |

## LEWIS E. WILKERSON, JR. PLAN OF REORGANIZATION
## DATED DECEMBER 30 ,2021

**Background and History of Debtor**

**A.     Description and History of the Debtor's Business:**

Lewis E. Wilkerson, Jr. has been a resident of Keysville, Virginia in Prince Edward County for 17 years. He is 60 years old. He was involved in a several businesses, including trucking and lumber. He contracted a debilitating disease that affects his joints and must use canes or a wheelchair to be ambulatory. He is no longer able to be gainfully employed or operate his business as a result of his disease. He has been married for 24 years.

In August of 2020, the Debtor[1] entered into an Option to Purchase Contract and in June of 2021, the Debtor entered into the Option to Purchase Contract Amendment (collectively, with the Option to Purchase Contract, hereinafter, the "Option to Purchase Contract"). The transaction contemplated by the Option to Purchase Contract, if consummated, will result in the Debtor selling his interest in certain parcels of real estate to Heritage Solar, LLC free and clear of all liens and encumbrances, with the Debtor delivering to Heritage Trail Solar, LLC a general warranty deed for such parcels at the time of closing. The transaction is expected to close within thirty (30) days of Heritage Trail Solar, LLC exercising the Option to Purchase, with the latest closing date being thirty (30) days after the end of the Option Period, August 31, 2023, or through that date, which can be extended for an additional six (6) months on notice to the Debtor by Heritage Trail Solar, LLC.

During the Option Period, Diode Ventures, LLC and Heritage Trail Solar, LLC have conducted and will continue to conduct studies on the real property subject to the Option to Purchase Contract for solar and electric transmission connection viability. Such studies include environmental studies and transmission generation interconnection studies to determine when a solar project, potentially built on the real property subject to the Option to Purchase Contract, could be

Robert A. Canfield, VSB No. 16901
CANFIELD WELLS, LLP
4124 E. Parham Road
Richmond, Virginia 23228
Telephone: (804) 673-6600
Facsimile: (804) 673-6604
*Counsel for Debtor*

---

[1] Capitalized terms used but not defined herein shall have the definitions ascribed to them in the Amended Disclosure Statement.

interconnected to the electricity grid; these studies, which have not been finalized yet, will also project the cost for such interconnection to the electricity grid. If Heritage Trail Solar, LLC and Diode Ventures, LLC obtain proper and favorable studies, reports, permits, etc., the Option to Purchase Contract is anticipated to close within thirty (30) days of Heritage Trail Solar, LLC exercising the Option to Purchase, with the latest closing date being thirty (30) days after the end of the Option Period, August 31, 2023, or through that date, which can be extended for an additional six (6) months on notice to the Debtor by Heritage Trail Solar, LLC. At the closing with Heritage Trail Solar, LLC, the Debtor intends to pay all secured creditors with liens on the subject real property in full, and to deliver to Heritage Trail Solar, LLC title to the subject real property free and clear of all liens and encumbrances with a conveyance by general warranty deed.

The Debtor intends by this Plan and the order confirming the Plan to have the Option to Purchase Contract Amendment approved and ratified by this Court *nunc pro tunc* to June 9, 2021, in all respects. The Debtor intends to be fully bound by the Option to Purchase Contract and Option to Purchase Contract Amendment, assuming, without amendment or modification the Option to Purchase Contract and Option to Purchase Contract Amendment upon and pursuant to the entered order confirming this Plan. Further, the Debtor intends, at the time the parties to the Option to Purchase Contract are prepared to consummate the subject transaction, to ask the Court to enter a separate, stand-alone order approving such sale transaction pursuant to the Option to Purchase Contract, which Plan confirmation order will include all of the protections of section 363 for Heritage Trail Solar, LLC, as the good-faith, arms' length purchaser under the Option to Purchase Contract, and which order will require the Debtor to deliver to Heritage Trail Solar, LLC a general warranty deed for the subject real property

**B.     Liquidation Analysis:**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a chapter 7 liquidation. The Debtor's unsecured creditors would receive 100% in a Chapter 7 proceeding.

**C.     Ability to Make Future Plan Payments and Operate Without Further Reorganization:**

The Debtor intends to pay all of his secured creditors in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Lewis E. Wilkerson, Jr. (the "Debtor") from the sale of the Debtor's assets, including the sale of certain of the Debtor's Real Property (as indicated in Exhibit D of the Disclosure Statement) pursuant to the Option to Purchase Contract with Heritage Trail Solar, LLC. This Plan provides for, two (2) classes of priority claims, ten (10) classes of secured claims; one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive

3

distributions, which the Debtor of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of all administrative claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.    The secured and priority claim of Internal Revenue Service in the amount of $433,514.21 is entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2)).

2.02    Class 2.    The secured and priority claim of the Charlotte County Treasurer in the amount of $25,821.01 is entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2)).

2.03    Class 3.    The claim of Home Loan Investment Bank, FSB, to the extent as a secured claim under § 506 of the Code.

2.04    Class 4.    The claim of Essex Bank, whether allowed as secured, partially secured or unsecured.

2.05    Class 5.    The claim of The Farmers Bank of Appomattox, to the extent allowed as a secured claim under § 506 of the Code.

2.06    Class 6.    The claim of Citizens Bank, N.A., to the extent allowed as a secured claim under § 506 of the Code.

2.07    Class 7.    The claim of AmeriCredit Financial Services, Inc. d/b/a GM Financial, to the extent allowed as a secured claim under § 506 of the Code.

2.08    Class 8.    The claim of Flaminia Investments, LLC, to the extent allowed as a secured claim under § 506 of the Code.

2.09    Class 9.    The claim of Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc., to the extent allowed as a secured claim under § 506 of the Code.

2.10    Class 10.    The claim of The Carrington Co., LLC, to the extent allowed as a secured claim under § 506 of the Code.

2.11   Class 11.      The claim of Sonabank n/k/a Primis Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.12   Class 12.      The claim of Robert and Carolyn Anderson, to the extent allowed as a secured claim under § 506 of the Code.

2.13   Class 13.      All other non-priority unsecured claims allowed under § 502 of the Code. The list of unsecured creditors is attached as **Exhibit A.**

2.14   Class 14 .     The interests of the individual Debtor in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  N/A

3.02   Administrative Expense Claims. The United States Trustee shall be paid in accordance with 28 U.S.C. § 1930(a)(6) without necessity of application for an administrative expense. Quarterly fees assessed in accordance with 28 U.S.C. § 1930(a)(6) will continue to be paid by the Debtor post-confirmation as they come due and in accordance with United States Trustee Guidelines. Such fees shall continue to accrue post-confirmation until the Debtor's case is closed, dismissed, or converted to a case under another chapter of the Bankruptcy Code. Any fees due and owing as of confirmation, if any, will be paid within thirty (30) days thereafter. The Debtor will file quarterly reports of operations on a post-confirmation basis and in accordance with United States Trustee Guidelines.
        Canfield Wells, LLP will be paid its allowed administrative claim out of the funds it currently holds and out of future property over the period of the Plan.

3.03   Priority Tax Claims.  Each holder of a propriety tax claim will be paid in full at closing of the Option to Purchase Contract with Heritage Trail Solar, LLC.

3.04   Statutory Fees.   N/A

3.05   Prospective Quarterly Fees.  N/A

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 - Priority Claim: Internal Revenue Service | Impaired. | Will pay the secured and priority claim in full, as filed and allowed, together with applicable interest upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. |
| Class 2- Priority Claim: Charlotte County Treasurer | Impaired | Will pay the secured and priority claim in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 3 – Home Loan Investment Bank, FSB | Impaired. | Will be paid upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 4- Essex Bank | Impaired. | The claim of Essex Bank shall be paid in full, with interest at the contract rate, upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC, if not before. In addition, notwithstanding any other terms or provisions of the Plan, any applicable injunction shall not apply to Essex Bank or limit in any way any of its rights or interests and all amounts owed by the Debtor to Essex Bank in accordance with the promissory note giving rise to Essex Bank's claim shall not be discharged under any scenario and shall be treated as a non-dischargeable debt of the Debtor to Essex Bank under Section 523 (a) of the Bankruptcy Code, notwithstanding any default that may occur under this Plan, the conversion of this bankruptcy case to a bankruptcy case under any other chapter, any request for relief sought by the Debtor under Section 1141(d)(5)(C) of the Bankruptcy Code, a subsequently filed bankruptcy case or otherwise. |
| Class 5- The Farmers Bank of Appomattox | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 6- Citizens Bank, N.A. | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 7 - AmeriCredit Financial Services, Inc. d/b/a GM Financial | Impaired. | Debtor returned collateral in full satisfaction of the claim. |
| Class 8 - Flaminia Investments, LLC | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 9- Forethought Life Insurance Company c/o Select Portfolio Servicing, Inc. | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 10- The Carrington Co., LLC | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
| Class 11- Sonabank n/k/a Primis Bank | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |

5

6

| Class 12- Robert and Carolyn Anderson | Impaired | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. Interest will continue to accrue at contract rate for secured claims post-petition. |
|---|---|---|
| Class 13- General Unsecured Creditors | Impaired. | Will be paid in full upon the closing of the Option to Purchase Contract with Heritage Trail Solar, LLC. |
| Class 14- The interests of the individual Debtor in property of the estate | | The Debtor will retain an interest in any residual proceeds from the sale pursuant to the Option Purchase Contract with Heritage Trail Solar, LLC, after all distributions are made pursuant to the terms of this Plan. |

4.02    Bar Date. **March 17, 2021**

Any Claim in existence as of the Petition Date that is not scheduled by the respective Debtor, or that is scheduled as contingent, unliquidated, or disputed, or that varies in amount nature or priority from that stated in the respective Debtor's Schedules, must have been asserted, if at all, by filing of a Proof of Claim with the Bankruptcy Court on or before March 17, 2021. **Absent further order of the Bankruptcy Court, the failure to file a Proof of Claim by the Claims Bar Date of March 17, 2021 shall constitute a bar against the assertion or collection of any such Claim, and shall relieve the Debtor from any liability, responsibility, or obligation with respect to such Claim. The Debtor shall not be required to file any objection in order to confirm or determine the disallowance of any late-filed proof of claim.**

For the avoidance of doubt, numerous parties sought and obtained extensions of the March 17, 2021 bar date to file pre-petition claims, for various reasons.  The orders entered in response to such motions shall govern the bar dates for such claimants.  The Plan and order confirming the Plan will not disturb those prior Bankruptcy Court orders.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  The Debtor disputes Claim No. 33 filed by Robert Dixon, as the Debtor is not indebted to Robert Dixon. An adversary proceeding with the case number 21-03008 is in the process in the United States Bankruptcy Court with a trial being held on October 27, 2021. A motion was filed by Counsel for Plaintiff on October 25, 2021 to have the trial continued to a later date.

The Debtor reserves the right to object to any claim filed in his bankruptcy case.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases. The Debtor's bankruptcy schedules list an Executory Contract, the Option to Purchase Contract with Diode Ventures, LLC, which, subject to Court approval in the plan confirmation order, has been amended post-petition by the Option to Purchase Contract Amendment, which amendment makes Heritage Trail Solar, LLC the developer of the real property and project subject to the Option to Purchase Contract. Upon entry of the Plan confirmation order, the Option to Purchase Contract and the Option to Purchase Contract Amendment will be assumed in full, without amendment, by the Debtor, pursuant to the requirements of section 365 of the Bankruptcy Code. A copy of amendment to the contract is attached as **Exhibit B**. The Debtor further intends to obtain court approval authorizing the sale of the Debtor's real estate subject to the terms of the Option to Purchase Contract and the Amended Option to Purchase Contract with Heritage Trail Solar, LLC so as to provide Heritage Trail Solar, LLC with free and clear title to the real property in the form of a general warranty deed, and including all of the Bankruptcy Code section 363 benefits that can be bestowed upon a buyer of estate assets, including those benefits bestowed upon good-faith, arms' length purchasers.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Lewis E. Wilkerson, Jr. intends to pay all secured creditors in full at the closing of the sale pursuant to the Option to Purchase Contract with Heritage Trail Solar, LLC. Any and all liens thereon attached to the subject parcels included in the sale to Heritage Trail Solar, LLC will attach to the proceeds of the sale and be paid in full and satisfied at closing of the sale of the subject real estate, such that the Debtor will provide Heritage Trail Solar, LLC with free and clear title to the subject property. The Debtor has already sold two (2) properties unrelated to the aforementioned Option to Purchase Contract that had liens against them benefitting the Debtor's largest creditor, Home Loan Investment Bank, FSB, which has received approximately $538,000.00 towards the debt owed on its lien. The Debtor has returned a truck to AmeriCredit Financial Services, Inc., d/b/a GM Financial. A 2016 GMC Sierra truck was returned to AmeriCredit Financial Services, Inc., d/b/a GM Financial also.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan, as "effective date" is used in Chapter 11 of the Bankruptcy Code, shall be ten (10) days after the closing of the sale contemplated in the Option to Purchase Contract with Heritage Trail Solar, LLC.

8.03    Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

On the Effective Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## RETENTION OF JURISDICTION

Under Bankruptcy Code §§ 105(a) and 1142, and notwithstanding entry of the Confirmation Order, substantial consummation of this Plan and occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

A.    Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the determination of requests for the payment of claims entitled to priority under Bankruptcy Code § 507(a)(1), including compensation of any reimbursement of expenses of parties entitled thereto;

B.    Hear and determine all applications for compensation and reimbursement of expenses of Professionals under this Plan or under Bankruptcy Code §§ 330, 331, 503(b), 1103, and 1129(a)(4); provided, however, that from and after the Effective Date, the payment of the fees and expenses of the retained Professionals of the Debtor shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

9

C.      Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

D.      Effectuate performance of and payments under the provisions of this Plan;

E.      Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under or related to the Chapter 11 Case, this Plan, or any Plan Document;

F.      Enter such orders as may be necessary or appropriate to execute, implement or consummate the provisions of this Plan, including, but not limited to, an order approving the sale of assets free and clear to Heritage Trail Solar, LLC pursuant to the Option to Purchase Contract and the Option to Purchase Contract Amendment, and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

G.      Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of this Plan, including disputes arising under agreements, documents or instruments executed in connection with this Plan;

H.      Consider any modifications of this Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

I.      Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, consummation, or enforcement of this Plan or the Confirmation Order;

J.      Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

K.      Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Case;

L.      Except as otherwise limited herein, recover all Assets of the Debtor and property of the Estate, wherever located;

M.      Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505 and 1146;

N.      Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

O.      Hear and determine any Causes of Action;

P.      Hear and determine all disputes involving the existence, nature, or scope of the injunctions, indemnification, exculpation, and releases granted pursuant to this Plan;

Q.      Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

R.      Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

S.      Enforce all orders previously entered by the Bankruptcy Court;

T.      Dismiss any and/or all of the Chapter 11 Cases; and

U.      Enter a final decree closing any and/or all of the Chapter 11 Cases.

Respectfully submitted,

By:  /s/  Lewis E. Wilkerson, Jr.
          The Plan Proponent

By:  /s/        Robert A. Canfield
          Attorney for the Plan Proponent


Robert A. Canfield, VSB No. 16901
CANFIELD WELLS, LLP
4124 E. Parham Road
Richmond, Virginia 23228
Telephone: (804) 673-6600
Facsimile: (804) 673-6604
*Counsel for Debtor*

## List of Unsecured Creditors

| Creditor | Claim Number | Amount Claimed |
|---|---|---|
| American Express National Bank c/o Becket and Lee LLP PO Box 3001 Malvern PA 19355-070 | 2<br>11 | $17,292.91<br>$13,660.13 |
| Capital One Bank (USA), N.A. by American InfoSource as agent 4515 N Santa Fe Ave Oklahoma City, OK 73118 | 3<br>4 | $295.22<br>$295.71 |
| AmeriCredit Financial Services, Inc dba GM Financial P O Box 183853 Arlington, TX 76096 | 5 | $10,057.69 |
| The Carrington Co., LLC 203 Archway Court Lynchburg, VA 24502-0000 | 29 | $490,000.00 |
| SonaBank P.O. Box 2075 Ashland, VA 23005-000 | 8<br>10 | $271,092.15<br>$313,311.37 |
| Mercedes-Benz Financial Services USA LLC c/o BK Servicing, LLC PO Box 131265 Roseville, MN 55113-0011 | 12<br>32 | $31,462.71<br>$24,976.13 |
| Swift Financial, LLC as Servicing Agent for WebBank 3505 Silverside Rd., Suite 200 Wilmington, DE 19810 | 13 | $84,066.91 |
| BMO Harris Bank N.A. P.O. Box 3040 Cedar Rapids, IA 52406 | 14<br>16<br>24 | $9,438.45<br>$80,018.10<br>$1,080.10 |
| Truck Enterprises, Inc. P.O. Box 4470 Harrisonburg, VA 22801 | 15 | $2,339.19 |
| Bank of America, N.A. P O Box 982284 El Paso, TX 79998-2238 | 18 | $18,138.56 |
| Wells Fargo Bank, N.A. Wells Fargo Card Services PO Box 10438, MAC F8235-02F Des Moines, IA 50306-0438 | 20 | $14,195.68 |
| Bank of the West 2527 Camino Ramon San Ramon CA 94583 | 21 | $180,268.56 |
| Spartan Capital Funding, LLC Thomson Ollunga LLP 845 Third Ave., 6th New York, N.Y. 10022 | 23 | $491,226.88 |
| PACCAR Financial Corp. Attn: Linda Markle, BK Specialist P.O. Box 1518 | 25 | $32,340.35 |



| | | |
|---|---|---|
| Bellevue, WA 98009-1518 | | |
| De Lage Landen Financial Services, Inc.<br>Doug Shore<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | 26 | $124,093.02 |
| Carter Machinery Company, Inc.<br>c/o Crenshaw, Ware & Martin, P.L.C.<br>150 W. Main Street, Suite 1500<br>Norfolk, VA 23510 | 30 | $164,437.51 |
| Can Capital, Inc.<br>WebBank c/o Can Capital<br>2015 Vaughan Rd, NW, Bldg 500<br>Kennesaw, GA 30144-0000 | 31 | $150,913.88 |
| Union Funding Source<br>c/o Maurice Wutscher LLP<br>23611 Chagrin Blvd. Suite 207<br>Beachwood, OH 44122 | 35 | $70,463.00 |
| Apple Advance Corp<br>c/o Alan D. Eisler, Esq.<br>Eisler Hamilton, LLC<br>Rockville, MD 20850 | 37 | $216,170.00 |
| Heritage Trail Solar, LLC<br>c/o Jennifer M. McLemore<br>200 South 10th Street, Suite 1600<br>Richmond, VA 23219 | 36 | *Unliquidated, Contingent Claim |

**Total of Allowed Unsecured Claims:  $2,731,616.11**

DocuSign Envelope ID: 09910484-5AF6-4FEC-9166-380A01084918

# AMENDMENT

## TO

## REAL ESTATE PURCHASE OPTION AGREEMENT

This Amendment ("Amendment") is entered into effective as of the 9th day June 2021, by and between Lewis E. Wilkerson, Lewis E. Wilkerson, Jr. and Lewis E. Wilkerson Jr. and Dawn H. Wilkerson (collectively "Owner"), and Diode Ventures, LLC, a Kansas limited liability company (" Original Developer") and Heritage Trail Solar, LLC, a Virginia limited liability company ("Replacement Developer") herein after known as ("Parties").

### RECITALS

A. Owner and Original Developer are parties to the Real Estate Purchase Option Agreement dated August 31, 2020 (the "Agreement").

B. After execution of the Agreement, Original Developer reviewed the vesting deeds of the Owner and discovered that the parcels subject to this Agreement are held either in the sole name of Lewis E. Wilkerson, Jr. or held jointly by Lewis E. Wilkerson, Jr. and Dawn H. Wilkerson. None of the parcels subject to this Agreement are held in the sole name of Lewis E. Wilkerson.

C. Replacement Developer was recently created as a wholly owned entity of Diode Ventures, LLC for the purpose of entering into this Agreement and other project-related contracts and matters for this site.

D. Therefore, the parties desire to amend the Agreement by deleting the name of Lewis E. Wilkerson as an Owner as well as replacing Original Developer with Replacement Developer as provided in this Amendment.

### AGREEMENT

In consideration of the foregoing and the mutual promises contained herein, the Parties hereby agree as follows:

1. <u>Preamble of Agreement</u>. The first sentence of the Agreement preamble is hereby deleted and replaced with the following:

"This Real Estate Purchase Option Agreement ("Agreement") is made and entered into as of this 31[st] day of August 2020 ("Effective Date") by and between Lewis E. Wilkerson, Jr. and Lewis E. Wilkerson Jr. and Dawn H. Wilkerson (collectively "Owner"), and Heritage Trail Solar, LLC, a Virginia limited liability company ("Developer")."

2. <u>Owner Signature Block.</u> The Owner signature block shall be amended to delete the signatory of Lewis E. Wilkerson.

3. <u>Developer Signature Block.</u> The Developer signature block shall be amended to replace "Diode Ventures, LLC" with "Heritage Trail Solar, LLC."


EXHIBIT
B

DocuSign Envelope ID: 09910484-5AF6-4FEC-9166-380A01084918

4. <u>Other References.</u> In all other cases in the Agreement where the "Developer" is referenced as "Diode Ventures, LLC," such references shall be deemed to be replaced with and mean "Heritage Trail Solar, LLC."

5. <u>Remaining Terms and Conditions.</u> All other terms, conditions and provisions of the Agreement which are not otherwise altered affected or impacted by the terms, conditions and provisions contained herein, shall remain in full force and effect.

6. <u>Counterparts; Signatures.</u> This Amendment may be executed in two or more counterparts and by different parties on separate counterparts, all of which shall be considered one and the same agreement and each of which shall be deemed an original. For purposes of this Amendment, use of a facsimile, e-mail, or other electronic medium shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed and delivered by their authorized representatives as of the date first set forth above.

**OWNER:**

Lewis E. Wilkerson, Jr.

By:

Sole Owner

Lewis E. Wilkerson, Jr.

By:

Joint Owner

Dawn H. Wilkerson

By:

Joint Owner

3

DocuSign Envelope ID: 09910484-5AF6-4FEC-9166-380A01084918

**ORIGINAL DEVELOPER:**

DIODE VENTURES, LLC

By: _____ *Bradley Hardin*

Bradley Hardin

President

EB

**REPLACEMENT DEVELOPER:**

HERITAGE TRAIL SOLAR, LLC

By: _____ *Bradley Hardin*

Bradley Hardin, President Diode Ventures, LLC

Sole Member of Heritage Trail Solar, LLC

4

11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: LEWIS E. WILKERSON, JR.                              Case No. 20-34576-KLP
                              Debtor.                       Chapter 11

Address: PO Box 270
         Keysville, VA 23947

SSN / EIN: xxx-xx-5631

## <u>NOTICE OF HEARING</u>

The Debtor, Lewis E. Wilkerson, Jr. has filed his Chapter 11 Plan with the Court.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief requested in the objection, or if you want the Court to consider your views on the objection, then on or before **<u>January 31, 2022</u>**, you or your attorney must:

■ File with the Court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(h)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

          Clerk of the Court
          United States Bankruptcy Court
          Eastern District of Virginia, Richmond Division
          701 E. Broad Street
          Richmond, VA 23219

You must also mail a copy to:

          Robert A. Canfield, Esquire
          4124 E. Parham Road
          Richmond, VA  23228

12

■ Attend the hearing scheduled on **February 16, 2022 at 10:30 a.m.** in the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia in front of Bankruptcy Judge Keith L. Phillips. All proceedings before Judge Phillips will be conducted by video conference via Zoom for Government in accordance with General Order 20-5. Any participant wishing to appear via Zoom for Government must pre-register. Attorneys seeking to participate must be admitted to the Court or admitted pro hac vice. (See Local Bankruptcy Rule 2090-1, which is accessible on the Court's Local Rules internet web site page.)

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the request of Lewis E. Wilkerson, Jr.

Date: December 30, 2021

/s/   Robert A. Canfield
Robert A. Canfield

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Chapter 11 Plan and Notice of Hearing was sent either electronically or by first class mail, postage pre-paid to all necessary parties on December 30, 2021:

See Attached Creditors List

/s/   Robert A. Canfield
Robert A. Canfield

Ally Financial
P.O. Box 380902
Minneapolis, MN 55438

American Express
PO Box 650448
Dallas, TX 75265

American Express
c/o Becket & Lee, LLP
PO Box 3001
Malvern, PA  19355-0701

Apple Advance Corp
c/o Jonathan A. Berkowitz, Esq.
712 US Hwy 1, #400
North Palm Beach, FL  33408

Apple Advance Corp
c/o Alan D. Eisler
Eisler Hamilton, LLC
1 Research Court, Suite 450
Rockville, MD  20850

Arc3 Gases
PO Box 26269
Richmond, VA 23260

ARM Solutions, Inc
PO Box 2929
Camarillo, CA 93011

Bank of America
PO Box 982238
El Paso, TX 79998

Bank of Charlotte County
PO Box 336
Phenix, VA 23959

Bank of Charlotte County
PO Box 2711
Omaha, NE 68103-2711

Bank of the West
PO Box 2078
Omaha, NE 68103-2078

Bank of the West
2527 Camino Ramon
San Ramon, CA  94583-4213

Barclay's Juniper MC
PO Box 13337
Philadelphia, PA 19101-0000

BMO Transportation Finance
BMO Harris Bank NA
PO Box 71951
Chicago, IL 60694-1951

BMO Harris Bank
PO Box 3040
Cedar Rapids, IA 5206-3040

Can Capital, Inc.
WebBank c/o Can Capital
2015 Vaughan Rd, NW, Bldg 500
Kennesaw, GA 30144

Capital One
PO Box 71083
Charlotte, NC 28272

Capital One Bank/American InfoS
4515 N. Santa Fe Ave
Oklahoma City, OK 73118-7901

Carter Machinery Co, Inc.
PO Box 751053
Charlotte, NC 28275-1053

Carter Machinery Co.
c/o Crenshaw, Ware & Martin
150 W. Main St, #1500
Norfolk, VA  23510-3403

CAT Commercial Revolving Card
Dept. 33-8025507039
PO Box 78004
Phoenix, AZ 85062

Caterpillar Financial SvcsCorp
2120 West End Ave.
Nashville, TN 37203

Charlotte County Treasurer
P.O. Box 267
Charlotte Court House, VA 23923

CFS Group
PO Box 580203
Charlotte, NC 28258-0203

Citizens Bank N.A.
One Citizens Bank Way
JCA115
Johnston, Rhode Island 02919

Citizens Bank NA
PO Box 255587
Sacramento, CA 95865

Citizens Bank NA
c/o Carl Eason, Esq.
Wolcott Rivers Gates
200 Bendix Rd, Ste 300
Virginia Beach, VA 23452

Colony Tire Corp #33
2900 Deepwater Terminal
Richmond, VA 23234

Cumberland State Forest
State Forester of Va
751 Oak Hill Road
Cumberland, VA 23040

Daimler Truck Financial
14372 Heritage Parkway
Fort Worth, TX 76177

David J. & Pat Smith
56 Wexford Club Drive
Hilton Head Island, SC 29928

Dawn H. Wilkerson
390 Maple Road
Keysville, VA 23947

De Lage Landen Financial Svcs
PO Box 41602
Philadelphia, PA 19101

De Lage Landen Financial
Attn: Litigation & Recovery
1111 Old Eagle School Rd
Wayne, PA  19087-1453

Essex Bank
9954 Mayland Drive, Ste 2100
Henrico, VA 23233

Essex Bank
c/o Kutak Rock
Michael A.Condyles
901 E. Byrd St, #1000
Richmond, VA  23219-4071

Everest Business Funding
8200 NW 52nd Terrace, 2nd Fl.
Doral, FL  33166

Farmers Bank of Appomattox
PO Box 216
Appomattox, VA 24522

Flaminia Investments, LLC
2610 Business Drive
Cumming, GA 30028

Flaminia Investments, LLC
c/o Smart, Day, & Gilman
1047 Vista Park Dr, Ste D
Forest, VA  24551

FNB Equipment
1853 Highway 315
Pittston, PA 18640

Forethought Life Insurance
c/o Mary F. Balthasar Lake
LOGS LEGAL GROUP LLC
10021 Balls Ford Road, Ste. 200
Manassas, Virginia 20109

Forethought Life Insurance
c/o Select Portfolio Svc
PO Box 65250
Salt Lake City, UT  84165-0250

Fred C. & Jane E. Howell
104 Clopton Court
Lynchburg, VA 24503

Americredit Financial dba
GM Financial
PO Box 183853
Arlington, TX 76096

Hancock Natural Resource Group
197 Clarendon St C-08-99
Boston, MA 02116

Home Loan Investment Bank
1 Home Loan Plaza
Warwick, RI 02886

Home Loan Investment Bank, FSB
c/o Samuel I. White, PC
596 Lynnhaven Parkway, Ste 200
Virginia Beach, VA 23452

Internal Revenue Service
P.O.Box 7346
Philadelphia, PA 19101

IPFS Corporation
PO Box 412086
Kansas City, MO 64141

Knight Capital Funding
9 E. Loockerman St, #202-543
Dover, DE 19901

Mercedes Benz Financial
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Paccar Financial
PO Box 1518
Bellevue, WA 98009-1518

Parker Fuel Freedom
PO Box 142
South Hill, VA 23970

Parker Oil & Propane
617 S. Main St
Chase City, VA 23924

Parker Oil & Propane
2000 W. Third St
Farmville, VA 23901

Robert E. Dixon
c/o FlorenceGordanBrown, P.C.
901 East Cary Street
Richmond, VA 23219

Robert E. Dixon
c/o W.R. Baldwin, III
5600 Grove Ave
Richmond, VA  23226-2102

Robert M. Anderson
Carolyn Kincaid-Anderson
4103 Forest Circle
Richmond, VA  23225

SelectPortfolio Servicing, Inc
PO Box 65450
Salt Lake City, UT 84165

SonaBank
P.O. Box 2075
Ashland, VA 23005

Spartan Capital Funding, LLC
Thomson Ollunga, LLP
845 Third Ave, 6th Floor
New York, NY  10022

Spartan Capital Funding, LLC
104 E. 25th St, 10th Floor
New York, NY 10010

SwiftFinancial,LLC/Loanbuilder
a PayPal service
3505 Silverside Road
Wilmington, DE 19810

The Carrington Co., LLC
203 Archway Court
Lynchburg, VA 24502

Timbervest Partners III VA
c/o Thompson McMullan, P.C.
100 Shockoe Slip. Third Floor
Richmond, VA 23219

Truck Enterprises, Inc.
3440 S. Main Street
Harrisonburg, VA 22801

Union Funding Source
c/o Maurice Wutscher LLP
23611 Chagrin Blvd. Suite 207
Beachwood, OH 44122-5540

Unique Funding Solutions
71 S. Central Avenue
Valley Stream, NY  11580

Universal Platinum Fleet Progr
PO Box 1239
Covington, LA 70434

Verizon
PO Box 16801
Newark, NJ 07101

Verizon Connect Fleetmatics
1 Verizon Way
Basking Ridge, NJ 07920-1097

Wells Fargo
PO Box 77053
Minneapolis, MN 55480

Wells Fargo Bank/Card Svcs
PO Box 10438, MAC F8235-02F
Des Moines, IA  50306-0438