**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| *In re*: ) | |
| ) | Chapter 11 |
| LEWIS E. WILKERSON ) | |
| ) | |
| Debtor. ) | Case No. 20-34576-KLP |
| ) | |

**OBJECTION TO LEWIS E. WILKERSON, JR. PLAN OF REORGANIZATION**
**DATED DECEMBER 30, 2021**

Robert E. Dixon ("Mr. Dixon"), by counsel, individually and derivatively on behalf of D.E.R. LLC ("DER"), hereby files his objection (the "Objection") to the *Lewis E. Wilkerson, Jr. Plan of Reorganization Dated December 30, 2021* (the "Plan"), filed on December 30, 2021 (ECF No. 197). In support of the Objection, Mr. Dixon states as follows:

**I. FACTUAL BACKGROUND**

1. On or about November 17, 2020 (the "Petition Date"), Lewis E. Wilkerson, Jr. (the "Debtor") initiated this bankruptcy case by filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. On December 10, 2020, the Debtor filed his schedules, listing Mr. Dixon as an unsecured creditor on Schedule E/F with an undisputed, liquidated, noncontingent claim in the amount of $2.5 million. Pursuant to 11 U.S.C. § 1111 and Federal Rule of Bankruptcy Procedure

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin, Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3338
Fax: (804) 285-7779
Email: billbaldwin@meyerbaldwin.com
ECF:  billbaldwin@comcast.net
Co-Counsel for the Plaintiff

3003, Mr. Dixon was deemed to have filed a proof of claim as of December 10, 2020, in the amount of $2.5 million (the "Deemed-Filed Claim"). The Court set March 17, 2021, as the deadline for creditors to file proofs of claim.

3. The Debtor later filed amended schedules on March 25, 2021, in which he listed Mr. Dixon as an unsecured creditor on Schedule E/F, with a contingent, unliquidated, disputed claim in the amount of $0.00. (ECF No. 100, at 42.) Neither the Debtor nor the Court issued a notice that Mr. Dixon's claim was being characterized as contingent, unliquidated, and disputed, or set a new deadline to file or amend a proof of claim based on the Debtor's amended schedules.

4. On February 16, 2021, Mr. Dixon initiated Adversary Proceeding No. 21-03008 in this Court by filing a two-count Complaint against the Debtor seeking (1) a determination of the dischargeability of certain indebtedness, and (2) money judgments in favor of DER and Mr. Dixon. The Complaint constitutes an informal proof of claim filed by DER (the "Informal Proof of Claim").

5. On December 30, 2021, the Debtor filed the Plan, which proposes to pay various classes of creditors from the proceeds of an "Option to Purchase Contract" (as amended, the "Option Contract") between the Debtor and Heritage Trail Solar, LLC (the "Purchaser"), upon closing of the Option Contract. The Plan does not specify what will happen if the Option Contract does not close.

6. Important aspects of the Plan of Reorganization have been precluded from Public view as a result of pleadings filed by Heritage Trail Solar, LLC. Specifically, Document 149, September 2, 2021 Disclosure Statement filed by Robert A. Canfield of Canfield Wells, LLP on behalf of Lewis E. Wilkerson Jr.. (Canfield, Robert) when sought to be accessed responds with "This document is restricted and is not available for viewing." This is a result of Document 161,

September 29, 2021 Motion to Restrict Public Access to Sensitive Case Information filed by Heritage Trail Solar, LLC. Document 163, the Amended Disclosure Statement *"Modified Only to Address Restricted Access to Exhibit B."* In fact, however, neither Document 149 or Document 161 are available for public review. While Document 184, the Amended Disclosure Statement approved by the Court contains the text of the Amendment to Real Estate Purchase Option Agreement effective June 9, 2021, it does not contain the text of the Real Estate Purchase Option Agreement dated August 31, 2020. Since the Amendment to Real Estate Purchase Option Agreement effective June 9, 2021 is not a restated agreement, the parties in interest are left in the dark as to the terms of the original August 31, 2020 Option Agreement.

## II. OBJECTION

7. To the extent Mr. Dixon and DER have allowed claims against the Debtor, the Plan does not provide any treatment of either the Deemed-Filed Claim or the Informal Proof of Claim.[1] It is therefore unclear how the Debtor proposes to address Mr. Dixon's or DER's claims, if at all. To the extent Mr. Dixon and DER's claims are impaired under the Plan, Mr. Dixon, individually and on behalf of DER, rejects the plan pursuant to 11 U.S.C. §§ 1129(a)(7)(A)(i) and 1129(a)(8).

8. It is also unclear whether Plan will result in a sufficient distribution to creditors under 11 U.S.C. § 1129(a)(7)(A)(ii). Specifically, the Plan provides that general unsecured creditors would receive 100% of their claims in a liquidation under chapter 7, and proposes to pay general unsecured creditors 100% of their claims through the Plan with proceeds the Debtor expects to receive at the closing of the Purchase Option. However, given that the Plan does not provide for any treatment of Mr. Dixon's or DER's claims, it is unclear whether general unsecured

---

[1] The Debtor states in paragraph 5.01 of the Plan that he "disputes Claim No. 33 filed by Robert Dixon," but does not address either the Deemed-Filed Claim or Informal Proof of Claim.

creditors will receive, as of the effective date of the plan, an amount that is not less than the amount they would receive under chapter 7. 11 U.S.C. § 1129(a)(7)(A)(ii).

9. Further, while Document 184 contains a provision for injunctions at Section VIII at page 1920, which seemingly would have the effect of immunizing any judgment obtained by Mr. Dixon his non-dischargeability proceeding against Mr. Wilkerson (in which event Mr. Dixon objects to such injunction as contrary to applicable law), the actual Plan of Reorganization filed December 30, 2021 (document 197) does not contain this proposed injunction to the extent the plan to be considered by the Court on February 16 contains any injunction purporting to restrict Mr. Dixon's rights, individually or derivatively, to enforce a non-dischargeability judgment against Mr. Wilkerson, Mr. Dixon objects to same.

10. Additionally, the Plan does not provide sufficient information about the Purchase Option for creditors to determine whether the Plan will be funded or whether confirmation of the Plan will be followed by a need for liquidation or further reorganization. 11 U.S.C. §§ 1129(a)(2), 1129(a)(11), and 1125. Significantly, the Plan indicates that the Purchase Option has not been exercised, and may not be exercised by the Purchaser. (*See* Plan, at 1–2 (explaining that the Purchaser has been conducting studies to determine whether the property subject to the Purchase Option is suitable for the Purchaser's needs, and noting that *if* the studies are favorable, the Purchaser is expected to close). The Purchase Option has not been made available to creditors,[2] and no closing date is specified in the Plan. Instead, the Plan merely provides that the "latest closing date" will be "thirty (30) days after the end of the Option Period, August 31, 2023, *or through that date, which can be extended for an additional six (6) months on notice to the Debtor*

---

[2] Attached to the Plan is an "Option to Purchase Contract Amendment," pursuant to which Diode Ventures, LLC assigned the Option Contract to Heritage Trail Solar, LLC. The amendment does not provide a closing date or otherwise outline the terms of the Option Contract. It appears the Purchase Option was presented to the Court as a restricted document.

4

*by Heritage Trail Solar, LLC.*" (Plan at 1 (emphasis added).) The Plan also does not outline the Debtor's obligations under the Purchase Option or provide a sale price for the Purchase Option. Given that the Purchase Option has not been exercised, and there is no agreed-upon closing date, it is uncertain if or when the Debtor and the Purchaser will close on the Purchase Option. To the extent the Purchase Option does not close, the Debtor's Plan likely cannot be implemented successfully. It also appears that this Agreement may be no more than an "agreement to agree," which is unenforceable at Virginia law and should not be accepted. *E.g., Allen v. Aetna Casualty & Surety* 222 Va. 361 (1981).

11. Even if the Purchase Option is exercised, it is unclear what other obligations the Purchase Option imposes on the Debtor, including any potential costs that may be incurred by the Debtor prior to closing (*see* Heritage Obj., ECF No. 164 (indicating that the Debtor may have obligations to cure certain title defects and hazardous site conditions)), and what amount of proceeds, if any, the Debtor will ultimately receive at closing. The Plan therefore cannot be confirmed because the Debtor has failed to show that confirmation of the Plan will not be followed by further liquidation or reorganization, and has failed to provide adequate information to creditors. 11 U.S.C. §§ 1129(a)(11), 1129(a)(2), and 1125.

12. The Plan has not been proposed in good faith. 11 U.S.C. § 1129(a)(3). Upon information and belief, the Debtor filed bankruptcy, at least in part, to avoid certain discovery obligations in state-court litigation initiated by Mr. Dixon (the "State Court Case"). Additionally, as noted above, the Plan does not propose any treatment of the Deemed-Filed Claim or the Informal Proof of Claim, while nonetheless providing for the Debtor to receive net proceeds from the Purchase Option. Based on the limited information available to creditors in the Debtor's schedules

5

and Plan, it appears the Debtor stands to receive a windfall of approximately $1.5 million from the Purchase Option.

13. Furthermore, upon information and belief, the Debtor's schedules list creditors to whom the Debtor is not or may not be indebted. Specifically, the Debtor's schedules list Fred C. and Jane E. Howell (the "Howells") as secured creditors with a secured claim of $1 million. The Deed of Trust (the "Deed of Trust") securing the Debtor's purported obligation to the Howells was entered into on August 26, 2019, days before Mr. Dixon initiated the State Court Case. Upon information and belief, the Deed of Trust may not represent a true debt owed by the Debtor. Accordingly, the Debtor has failed to comply with applicable provisions of Title 11, and the Plan has not been proposed in good faith. 11 U.S.C. §§ 1129(a)(2), (a)(3).

14. Mr. Dixon further objections on the basis that the Plan does not provide a mechanism for the Debtor to report to creditors on the implementation of the Plan after confirmation, as required under sections 1106(a)(7) and 1107(a) of the Bankruptcy Code. There also is no discussion of any possible post-confirmation relationship between Heritage Trail and Mr. Wilkerson or any of his insiders.

15. Additionally, the Plan does not provide for sufficient court supervision of the liquidation process proposed in the Plan, including over the consummation of the Purchase Option.

16. Without an option describing the result of a decision by Heritage Solar not to exercise its option, the proposed plan has a massive hole in its concept, thus introducing an element of uncertainty that cannot be quantified or estimated for purposes of confirmation.

WHEREFORE, Mr. Dixon, individually and derivatively on behalf of DER, objects to confirmation of the Debtor's proposed chapter 11 Plan, and requests the Court enter an order

1. Denying confirmation of the Plan as proposed;

2. Directing the Debtor to amend the Plan to clarify or provide that, pursuant to 11 U.S.C. §§ 1106(a)(7), 1107(a), 1129(a)(4):

   a. The Debtor will continue to incur and pay only reasonable and necessary expenses, in keeping with the Debtor's current expenses;

   b. The Debtor will continue to file Monthly Operating Reports detailing all income and expenses;

   c. The Debtor will reasonably cooperate with all creditors and parties in interest to provide meaningful information on the progress of implementation of the Plan;

   d. An Oversight Committee will be created to supervise the liquidation process, including liquidation of any estate property pursuant to the Purchase Option;

   e. Any sale and the disbursement of the proceeds of any estate property will be made only pursuant to order of the Court upon notice to all creditors and parties in interest;

   f. Any amendment or alteration to the Purchase Option shall be made only pursuant to order of the Court upon notice to all creditors and parties in interest; and

   g. Upon a failure to close or termination of the Purchase Option, the Debtor will so notify all creditors and parties in interest and undertake specified, alternate measures to liquidate his property and make payment to his creditors; and

3. Granting any and all other relief the Court deems appropriate.

Respectfully submitted,

Dated: January 31, 2022

ROBERT E. DIXON, Individually and Derivatively on behalf of D.E.R. LLC

By:  /s/  W. R. Baldwin, III
            Counsel

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin, Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3338
Fax: (804) 285-7779
Email: billbaldwin@meyerbaldwin.com
ECF:  billbaldwin@comcast.net
Co-Counsel for the Plaintiff


William F. Seymour, IV, Esq.
FloranceGordonBrown, P.C.
One James Center, Suite 1 900
901 East Cary Street
Richmond, VA  23219
Voice:  (804) 697-5100
Fax:  (804) 697-5159
Email:  wseymour@fgb.com
Co-Counsel for the Plaintiff


CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing pleading was served by the ECF procedures of this Court on January 31, 2022, on all parties hereto subject to such procedures

/s/ W. R. Baldwin, III