# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEWIS E. WILKERSON, JR., | ) | Case No. 20-34576-KLP |
| | ) | |
|     Debtor. | ) | |
| | ) | |

## MOTION TO CONTINUE HEARING
## ON SWIFT FINANCIAL, LLC'S MOTION TO CONVERT

COMES NOW, Heritage Trail Solar, LLC ("Heritage Trail"), a Virginia limited liability company, wholly owned by Diode Ventures, LLC, a Kansas Limited Liability Company, by and through its undersigned counsel, and moves this Court to continue (the "Motion to Continue") the hearing scheduled by Swift Financial, LLC ("Swift") on its *Motion to Convert* [Docket No. 242] (the "Motion to Convert"), which hearing was scheduled by Swift, without consultation of counsel, for November 22, 2022, at 9:30 a.m. Eastern Time. Heritage Trail files its Motion to Continue to ask the Court to reschedule the currently scheduled hearing on the Motion to Convert to a future date where Heritage Trail and the Debtor will have time and availability to present evidence and argument in response to Swift's Motion to Convert, and specifically, to allow the professionals at Heritage Trail to have the time and opportunity to fly to Richmond to testify about the status of

---

Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Bennett T. W. Eastham, Esquire (VSB No. 93484)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
      jmclemore@williamsmullen.com
      beastham@williamsmullen.com

*Attorneys for Heritage Trail Solar, LLC*

the Option Contract[1] between the Debtor and Heritage Trail, which appears to be, in part, the subject of Swift's Motion to Convert.

## I.    RELEVANT BACKGROUND

1. On November 17, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On June 9, 2022, the Court entered an order [Docket No. 234] confirming the Debtor's Plan of Reorganization [Docket No. 197] (the "Confirmed Plan").

3. On October 12, 2022, Swift filed its Motion to Convert, setting the matter for hearing on November 22, 2022, at 9:30 a.m. Eastern Time.

4. The Confirmed Plan's success is contingent upon the outcome of the Option Contract between Heritage Trail and the Debtor, including any amendments thereto. Heritage Trail believes the support that its professionals can provide to both the Court and to Swift in response to the Motion to Convert will be meaningful, the testimony will be information that only the Heritage Trail team has, and the evidence will provide Swift with current guidance regarding the outcome that general unsecured creditors can expect under the Confirmed Plan if Heritage Trail exercises its option under the Option Contract. Heritage Trail supports the Confirmed Plan, and, in turn, Mr. Wilkerson. The witnesses from Heritage Trail are not available on November 22, 2022, at 9:30 a.m. Eastern Time, and hereby ask for a continuance of the hearing on the Motion to Convert.

## II.    RELEVANT AUTHORITY

5. 11 U.S.C. § 1112(b)(3) requires:

> **(3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall**

---
[1] As defined in the Confirmed Plan (defined below).

> **decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph**.

*Id.* (emphasis added).

6. Richmond General Order 22-2, in relevant part, requires:

> Hearings Non-Evidentiary. All counsel are encouraged to make liberal use of the Court's negative notice procedures. **All self-scheduled hearings shall be treated as nonevidentiary hearings.** To schedule an evidentiary hearing, the parties must contact the hearing judge's courtroom deputy.

*Id.* (emphasis added).

### III.  ARGUMENT

7. Without consent of the movant, Section 1112(b)(3) of the Bankruptcy Code requires motions to convert a bankruptcy case to be heard within thirty days from the filing. Here, Swift set its Motion to Convert for hearing on a date beyond the thirty-day requirement of Section 1112(b)(3). Heritage Trail asserts that Swift's scheduling of its own Motion to Convert can be treated by this Court as consent to the setting of a hearing on the Motion to Convery beyond the thirty-day requirement of Section 1112(b)(3). A further continuance to a date and time where fulsome evidence can be presented should be welcomed by Swift.

8. However, despite a request for a consensual continuance from Heritage Trail, on its own behalf and on behalf of the Debtor, Swift has not yet authorized moving the hearing from a general motions' day to a time where the parties would have time to present testimony and make argument on the Motion to Convert.

9. Further, upon information and belief, counsel for Swift did not consult the Court's clerk for a special hour. Accordingly, this Court's General Order 22-2 suggests that the hearing scheduled for November 22, 2022 at 9:30 a.m. Eastern Time can only be treated as a "non-evidentiary" hearing.

3

10. Finally, the experts at Heritage Trail, those with all of the knowledge and background on the Option Contract, have an extensive number of real estate closings between now and the end of the calendar year, making travel to the currently scheduled hearing on the Motion to Convert impossible.

11. While a delay of the hearing on the Motion to Convert is sought due to logistical matters, Heritage Trail would be pleased to consult with Swift to explain the status of the Option Contract and answer any other questions that Swift has about the Option Contract or Confirmed Plan, to the extent that knowledge resides with Heritage Trail. Upon information and belief, counsel for the Debtor would be pleased to provide the same access to the Debtor for Swift.

12. Heritage Trail has obtained the following dates from the Court for a hearing on the Motion to Convert, which are dates on which the witnesses from Heritage Trail are available as well as counsel for the Debtor and the Debtor himself: January 11, 2023, at 10:00 a.m. Eastern Time and January 18, 2023, at 10:00 a.m. Eastern Time. Counsel for Heritage Trail is unaware of Swift's and Swift's counsel's availability on such dates and times.

WHEREFORE, for the foregoing reasons, Heritage Trail Solar, LLC asks that this Court continue the scheduled hearing on the Motion to Convert from November 22, 2022, at 9:30 a.m. Eastern Time to either January 11, 2023, at 10:00 a.m. Eastern Time or January 18, 2023, at 10:00 a.m. Eastern Time, both of which are dates and times that the Debtor and the Heritage Trail Solar, LLC witnesses are available to testify and answer questions about the Option Contract and

Confirmed Plan, and for such other and further relief as may be just and proper under the circumstances.

Dated: November 9, 2022
/s/ Jennifer M. McLemore
Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
Bennett T. W. Eastham, Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com
jmclemore@williamsmullen.com
beastham@williamsmullen.com

*Counsel for Heritage Trail Solar, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of November 2022, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases. I also caused a copy of the foregoing to be served by email on counsel for Swift Financial, LLC, counsel for the Debtor, and the Office of the US Trustee.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

101538505